Willis R. WINTERS, Petitioner,

v.

C. H. LANGDEAU, Receiver of State National Life Insurance Co., Respondent.

No. A–8968.

Supreme Court of Texas.

Oct. 3, 1962.

John F. Tomlin, Pecos, for petitioner.

Cecil C. Rotsch, John R. Grace and Horace Wimberly, Austin, for respondent.

CULVER, Justice.

C. H. Langdeau was appointed Receiver of the State National Life Insurance Company on July 6, 1960. He brought this suit against Willis R. Winters to recover on a promissory note executed by Winters and payable to the Insurance Company and to foreclose a deed of trust lien on certain real property given to secure the payment of the note. Winters in answer pleaded total failure of consideration and sought cancellation of the deed of trust.

The trial court granted the Receiver's Motion for Summary Judgment. The Court of Civil Appeals has affirmed. 354 S.W.2d 606.

On December 29, 1959, Winters executed and delivered to the Insurance Company his promissory note in the sum of $67,500.00, payable in monthly installments, secured by a deed of trust upon certain real estate which was promptly filed for record. The note recites that it represents that amount of money borrowed by Winters from the Company. On the same day the Company issued its check payable to Winters for the sum of $67,500.00. This check was endorsed only by Winters and by stamped bank endorsements shows to have been paid.

Stripped of hearsay and conclusions, Winters in his first affidavit asserts that it was agreed between him and W. L. Bridges, Jr., an officer of the Company, that the Company would retain the consideration expressed in the note and deliver the same to him when needed in February of the following year; that he relied upon that promise in executing and delivering the note and deed of trust; that when he demanded the funds according to the agreement the demand was refused and that he has never at any time received any funds whatsoever from the Company in consideration for the note and deed of trust.

This suit was filed by the Receiver shortly after his appointment in July, 1960. The Receiver's Motion for Summary Judgment was filed March 7, 1961. The Company's

check payable to Winters and endorsed by him was attached to the Receiver's affidavit. The check itself would seem to be conclusive proof that it was not deposited to the credit of the Company and that the funds represented by the check were paid out of the Company's bank to someone. The check is also proof, though not conclusive, that the proceeds were paid to Winters, the endorser. Possibly in some undisclosed manner the funds were returned to the Company.

In respect to the circumstances concerning the issuance of and his endorsement of the check, Winters, in his supplemental affidavit asserts that he never received the proceeds thereof; that the check was never delivered to him but was retained by Bridges with the understanding and agreement that the funds would remain in Bridges' hands as an officer and agent of the Company until such time as he, Winters, should demand the same.

Winters further avers that it was his understanding that the check was issued purely as a matter of record and for the purpose of making a bookkeeping and accounting entry thereon. Just why the parties would enter into such a wholly fictitious transaction is not clear, unless it were for the purpose of fraudulently bolstering the book assets of the Company in order to deceive the examiners for the State Board of Insurance, all as charged in the Receiver's supplemental petition and which if true would estop Winters from claiming failure of consideration.

■ Though contrary to any reasonable business practice and as naive as these allegations appear, we cannot say that the Receiver had discharged his burden of proof that there is no genuine issue of any material fact since any doubt as to its existence is resolved against him. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. Though the question is close it seems that there exists a doubt as to whether or not the money was ever redeposited to the Company's credit or according to the terms of

the alleged agreement retained by Bridges for the Company's use and benefit. This appears to us to be at least one of the critical issues to be decided, and doubtless the books of the Company would be the best evidence.

■ Of course the burden of proving failure of consideration is upon the pleader. Vol. 1 McCormick & Ray, on Evidence, § 113; Tolbert v. McBride, 75 Tex. 95, 12 S.W. 752; Newton v. Newton, 77 Tex. 508, 14 S.W. 157; Kothmann v. Southwest Co., Tex.Civ.App., 1935, 92 S.W.2d 272.

The judgments of both courts below are reversed and the cause remanded.