**STATE ex rel. Steve W. SIMMONS, District Attorney, Relator,**

v.

**Hon. Brunson MOORE, Judge of the 120th Judicial District Court, Respondent.**

No. 08–89–00163–CR.

Court of Appeals of Texas, El Paso.

June 28, 1989.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for relator.

Brunson D. Moore, Judge, 120th District Court, El Paso, pro se.

Rod Ponton and Charles Louis Roberts, El Paso, for respondent.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

The Relator has filed an application for writ of mandamus or prohibition in an attempt to set aside an order of the district

judge, which conditionally ordered the taking of witness depositions by the defendant in a pending criminal case. The application is granted.

The District Attorney of El Paso County maintains an "open file" policy in criminal cases, by which he permits defense counsel at arraignment, pretrial or other agreed times to inspect and read all documents and papers in the file, including the statements of any potential witnesses to the offense. His present policy is not to furnish copies of the statements or permit the copying of them. The file in this case had been made available to counsel for Julian Barraza, defendant in a murder case pending in the 120th Judicial District Court, but he was not permitted to copy the statements.

On April 13, 1989, the defendant's counsel filed a motion to take depositions in which he sought an order to take the depositions of five named witnesses to the incident, which resulted in his indictment. He apparently wanted to determine if the witnesses were accomplices to the murder for which he was charged, the reason for their inconsistent statements, and what, if any, "deals" they had made with the State for their testimony. The motion, unaccompanied by any affidavit but verified by the defendant's attorney on "his knowledge and belief," alleged, among other things, that each witness was an uncharged party to the murder and "[t]herefore, each witness has an understanding, either explicit or implicit, with the State of Texas, regarding charges that will not be filed against that witness." On the same date, defendant filed a motion to determine accomplice witness status of witnesses, naming the same five witnesses who were the subjects of the deposition motion.

In an effort to force the district attorney to furnish copies of the statements of potential witnesses, the trial court, in an undated order, file stamped May 4, 1989, after reciting a pending motion of the defendant to take the depositions of five witnesses, granted the motion further reciting as the basis for the order, "[u]pon being informed by counsel for Defendant that the 34th Judicial District Attorneys [sic] office

refuses to comply with the Court's Order compelling copies of the statements of the above accomplice witnesses be provided to counsel for Defendant...." Previously in response to the defendant's first motion to take depositions in a predecessor case against the same defendant, the trial court had, on April 18, 1989, signed an "ORDER[,] FINDINGS OF FACT AND CONCLUSIONS OF LAW," in which the court found, inter alia, "that good cause exists under TEX.CODE CRIM.PROC.ANN. Art. 39.14 for the inspection and copying of the written statements of the accomplice witnesses herein...." The court continued:

> The Court further heard Defendant's Motion to Take Depositions of the foregoing witnesses. After hearing evidence on said motion from the State and the defense, the Court determined that it should conditionally be denied. The Court determined that it was within the scope of discovery to be ordered by this Court, and needed by counsel for Defendant for counsel for Defendant to be able to adequately investigate his case, for said witnesses to be interviewed by counsel (if they so desired), and that counsel would require their written statements during the course of his questioning of said witnesses. *Were the District Attorney's Office to comply with this Court's order to turn over copies of the statements of the foregoing witnesses, this Court would deny the Defendant's Motion to Take the Depositions of the foregoing witnesses.* [Emphasis added].

The court then concluded its order:

> THEREFORE, it is the order of this Court that the Defendant's Motion for Discovery is well taken and is conditionally granted in the following particulars:
>
> A. If the 34th Judicial District Attorney's Office provides to counsel for Defendant copies of the witness statements of [witnesses] ..., this Court determines that adequate discovery will have been had, and that this Court will then deny Defendant's Motion to Take Depositions of the foregoing witnesses.
>
> B. The Court further finds, however, that if the 34th Judicial District Attorney's Office does not turn over copies of

the witness statements of the foregoing witnesses to counsel for Defendant by April 20, 1989, that Defendant's Motion to Take Depositions of the foregoing witnesses is hereby granted. If depositions of the foregoing witnesses are taken, such depositions will be taken pursuant to TEX.CODE CRIM.PROC.ANN. Art. 39.02.... The Court finds that the Defendant has shown good reason for taking the depositions of the foregoing witnesses, and *that good reason consists, in part, of the District Attorney's denial of copies of statements to counsel for Defendant herein.* [Emphasis added].

In his findings, the trial court also noted that the cost to the county would be considerably less for the district attorney to furnish copies of the witness statements than to take depositions. While the trial court's expressed desire to save expense to the county may be commendable, it does not alleviate the fact that the trial court is making a bald-faced effort to coerce the district attorney into furnishing witness statements contrary to law.

■ Respondent relies, in part, on the case of *Dickens v. Court of Appeals For the Second Supreme Judicial District of Texas,* 727 S.W.2d 542 (Tex.Crim.App.1987), for the proposition that discovery rulings of a trial court are discretionary and, therefore, not subject to appellate review by writ of mandamus. With that general rule we agree. However, the broad language utilized by Judge Campbell in *Dickens,* supra, wherein he stated at page 552 that the "Court has consistently held that the trial judge's acts involving discovery pursuant to Article 39.14 [Tex.Code Crim.Pro.Ann.] are discretionary and, therefore, are not subject to writ of mandamus," is dictum as applied to the parenthetical clause excepting "written statements of witnesses and except the work product of counsel in the case ..." from the otherwise discretionary language of Article 39.14. *Dickens* did not involve witnesses' statements. On the matter of a motion of a defendant for an order requiring the State to produce and permit the inspection and copying of witnesses' statements, there is no discretion in

the trial court, and his required act in denying such motion becomes merely ministerial in nature. Surely the Court of Criminal Appeals does not mean to say that the extraordinary remedies are not available to the appellate courts to control the actions of an errant judge who is intent on ordering discovery contrary to law and beyond his discretionary powers. The case of *State Ex Rel. Curry v. Gray,* 726 S.W.2d 125 (Tex.Crim.App.1987), referred to in Footnote 10 in *Dickens,* 727 S.W.2d at 550, cited by Judge Campbell for the proposition that the State has no right of appeal in criminal cases, even if presented through an application for writ of mandamus, actually holds to the contrary. Mandamus will lie against a judge if the State as relator meets two requirements: First, it must establish that it has no other adequate remedy at law available, and second, the act sought to be compelled is purely ministerial, as opposed to discretionary or judicial in nature. The State in this case has met that test.

■ Ancillary to the foregoing is the question of whether defendant's Motion to Take Depositions of witnesses, absent the coercive linkage to the furnishing of copies of witness statements, otherwise meets the requirements of Tex.Code Crim.Pro.Ann. art. 39.02 (Vernon 1979), which requires that the movant file along with his application "an affidavit stating the facts necessary to constitute a good reason for taking [a witness's deposition]...." The immediate Motion to Take Depositions, which triggered the application for writ herein, has neither an affidavit attached nor is it verified and is, therefore, insufficient to meet the requirements of Article 39.02. It does make reference to a motion previously filed for the same purpose in the predecessor case and in effect, transferred, along with the other papers, to the present case.

■ The first Motion to Take Depositions, filed April 13, 1989, has no affidavit as such attached to it, but it was verified by Defendant's attorney as follows: "BEFORE ME, the undersigned authority, on this day personally appeared, ARVEL (ROD) PONTON III, who, after being by

me duly sworn, upon his oath stated that the statements contained in the foregoing instrument *are true and correct to the best of his knowledge and belief* [emphasis added]." Article 39.02 requires an affidavit, not a verified application, although it could have easily specified the latter as an alternative. *Compare De Leon v. State,* 657 S.W.2d 160 (Tex.App.—San Antonio 1983, no pet.), a case involving the affidavit required under the now repealed Article 40.03(8), New Trials, Tex.Code Crim.Pro. Ann. (Vernon 1979). Assuming, arguendo, that a properly verified pleading can on occasion rise to the level of an affidavit, a qualified verification such as that utilized in this case, does not meet the elementary requirements of an ordinary affidavit. An " '[a]ffidavit' means a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." Tex.Gov't.Code Ann. sec. 312.011 (Vernon 1988). To be legally sufficient, it should show affirmatively the affiant's competence to testify to the facts stated and that such facts are personally known to the affiant. Under civil practice, an affidavit made on "knowledge and belief" is insufficient as an affidavit unless authorized by special statute. *Winters v. Langdeau,* 354 S.W.2d 606 (Tex.Civ.App.—Austin 1962), *rev'd on other grounds,* 360 S.W.2d 515 (Tex.). In the instant case, to allow an affidavit on "knowledge and belief" would render the requirement of Article 39.02 meaningless. In the absence of a motion supported by a proper affidavit, the court has no discretion and must deny the motion. In this situation, the act of denying the unsupported motion is ministerial.

For the foregoing reasons, Relator's application is granted. We conditionally grant the writs of prohibition and mandamus restraining Respondent from issuing any orders requiring Relator to furnish copies of witness statements to the Defendant or his attorney, contrary to Tex.Code Crim.Pro.Ann. art. 39.14, and requiring Respondent to set aside his order of May 4, 1989, setting depositions until such time as defendant has complied with the requirements of Tex.Code Crim.Pro.Ann. art. 39.-02.

Writs of mandamus and prohibition will issue only if Respondent fails to comply.

OSBORN, Chief Justice, dissenting.

I respectfully dissent. I concur with most of the analysis in the majority opinion and recognize that much of what has been cited to us as controlling is only dicta. My dissent stems from the fact that the State did not appeal (seek a writ of mandamus) following the entry of the trial court's order on April 18, 1989, which required the District Attorney's Office to turn over certain statements. If the State had sought a writ of mandamus following that order, I would vote to grant the writ because the trial court clearly had no discretion under Tex.Code Crim.Pro.Ann. art. 39.14 to order the inspection and copying of written statements of witnesses. But, that is not what this case is about.

The State chose not to challenge the April 18 order. The only issue now before this Court is with regard to the order filed May 4, 1989, which deals with discovery in accordance with Tex.Code Crim.Pro.Ann. art. 39.02. The issue now is depositions, not written statements. That issue comes before us from a discretionary ruling and not one of a ministerial nature.

We are initially faced with the problem raised by the language in *Dickens v. Court of Appeals For the Second Supreme Judicial District of Texas,* 727 S.W.2d 542 (Tex. Crim.App.1987), where Judge Campbell in Footnote 10 noted that the Court had no authority to review a discretionary ruling in a defendant's favor on a pre-trial motion because the State has no right of appeal in criminal actions, even if presented via an application for writ of mandamus. Yes, that was dicta and perhaps that is the reason it appears in a footnote, rather than the text of the opinion. But, even if it is dicta, today we fly into the face of that dicta with no reason to believe it cannot become a proper holding in this case.

We also must decide if the discovery order was of a ministerial nature, as opposed to discretionary or judicial in nature.

In *State Ex rel. Curry v. Gray,* 726 S.W.2d 125 (Tex.Crim.App.1987) the Court recognized that the State has no adequate remedy at law to correct what it perceives as an incorrect ruling by the trial court on a pre-trial order. That brings us to the second issue—was the ruling ministerial or discretionary? The Court spoke to that issue in the *Dickens* case. It said:

> Decisions involving discovery in criminal cases are committed to the discretion of the trial court. *Quinones v. State,* supra 592 S.W.2d [933] at 940 [(Tex.Cr.App. 1980)]; see Art. 39.14, supra. This Court has consistently held that the trial judge's acts involving discovery pursuant to Article 39.14, supra, are discretionary and, therefore, are not subject to writ of mandamus.

We must conclude that if a discovery order under Article 39.14 involves the discretion of the trial judge, a similar order under Article 39.02 also involves discretion.

Finally, I would also hold that regardless of whether the motion was sworn to properly or had an affidavit attached as required by Article 39.02, the judge's discretion was involved, even though it may have been error to grant a motion which did not meet all of the necessary requirements of the code.

The application for writ of mandamus/prohibition should be denied.