COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-201-CR
  
  
CLARENCE PAINTER, III                                                          APPELLANT
A/K/A CHIP PAINTER
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 158TH DISTRICT COURT 
OF DENTON COUNTY
 
------------
 
MEMORANDUM 
OPINION[1]
 
------------
        Appellant 
Clarence Painter, III appeals his conviction for indecency with a child.  
We will affirm.
        In 
August 1987, C.L., a twelve-year-old boy, told a recreation center employee that 
appellant had molested him.  Appellant and C.L.’s father were friends and 
former neighbors.  When C.L. lived in the same apartment complex as 
appellant, he and his friends frequently spent time with appellant, and C.L. 
slept over at his apartment on several occasions.  C.L. made the outcry 
shortly before appellant was due to pick him up from the recreation center and 
keep him for the night.
        The 
recreation center employee counseled C.L., sent him home, and called the 
police.  When appellant arrived at the recreation center to pick C.L. up, 
the employee told him to go away and refused to reveal C.L.’s 
whereabouts.  Eventually, appellant, C.L., C.L.’s parents, and the police 
all ended up at C.L’s father’s house.  At the house, the police talked 
to C.L., his parents, and appellant separately.  When they were through, 
they allowed appellant to leave.
        Within 
a few days, appellant left the state and moved to Mexico.  Shortly after he 
left, appellant’s father received a letter from him that proclaimed his 
innocence and explained that he was leaving the country because he feared being 
arrested and tried for sexually abusing C.L.
        On 
February 11, 1988, appellant was charged by indictment with indecency with a 
child.  The State placed the warrant on the National Crime Institute 
Computer.  In December 2003, appellant was arrested in Arizona after a 
traffic stop revealed the warrant.  He waived extradition and traveled to 
Denton County for trial. After a trial on the merits, a jury found appellant 
guilty of the charged offense and assessed punishment at twenty years’ 
confinement and a $10,000 fine.
        In 
his first point, appellant contends that the trial court erred in overruling his 
motion to dismiss for failure to grant a speedy trial. When reviewing a trial 
court’s ruling on a speedy trial claim, we review legal issues de novo but 
give deference to a trial court's resolution of factual issues.  Kelly 
v. State, No. PD-0023-04, 2005 WL 858027, at *3 (Tex. Crim. App. April 13, 
2005); State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999).  
We give deference not only to a trial court's resolution of disputed facts but 
also to its drawing of reasonable inferences from the facts.  Kelly, 
2005 WL 858027, at *3.  The Sixth Amendment to the Constitution of the 
United States provides that, "[i]n all criminal prosecutions, the accused 
shall enjoy the right to a speedy. . . trial." U.S. Const. amend. VI.  The right 
to a speedy trial is fundamental and is imposed on the states by the Due Process 
Clause of the Fourteenth Amendment. Barker v. Wingo, 407 U.S. 514, 
515-16, 92 S. Ct. 2182, 2184-85 (1972). If a violation of the speedy trial right 
is established, the only possible remedy is dismissal of the prosecution. Strunk 
v. United States, 412 U.S. 434, 440, 93 S. Ct. 2260, 2263 (1973).
        In 
determining whether an accused has been denied his right to a speedy trial, we 
use a balancing test to weigh the conduct of both the prosecution and the 
defendant. See Barker, 407 U.S. at 530, 92 S. Ct. at 2192; Dragoo v. 
State, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). The factors to be weighed 
include the length of the delay, the reason for the delay, the defendant's 
assertion of his speedy trial right, and the prejudice to the defendant 
resulting from the delay. Barker, 407 U.S. at 530, 92 S. Ct. at 2192; 
Dragoo, 96 S.W.3d at 315. No single factor alone is necessary or sufficient 
to establish a violation of the right to a speedy trial. Barker, 407 U.S. 
at 530, 92 S. Ct. at 2192; Dragoo, 96 S.W.3d at 313.
        The 
first factor, length of the delay, is measured from the time the defendant is 
arrested or formally accused. United States v. Marion, 404 U.S. 307, 313, 
92 S. Ct. 455, 459 (1971); Dragoo, 96 S.W.3d at 313. We consider the 
other three factors only when the delay is long enough to be presumptively 
prejudicial to the defendant. Emery v. State, 881 S.W.2d 702, 708 (Tex. 
Crim. App. 1994). In general, delay approaching one year is sufficient to 
trigger a speedy trial inquiry. Doggett v. U.S., 505 U.S. 647, 652 n.1, 
112 S. Ct. 2686, 2691 n.1; Shaw v. State, 117 S.W.3d 883, 889 (Tex. Crim. 
App. 2003).
        Here, 
appellant was indicted in February 1988 and tried in April 2004, an interval of 
sixteen years. A sixteen-year delay is long enough to be presumptively 
prejudicial; therefore, we will consider the other three factors. Moreover, 
because the delay here stretched far beyond the minimum needed to trigger the 
inquiry, this factor weighs heavily in favor of finding a violation of the 
speedy trial right.  See Dragoo, 96 S.W.3d at 314; Zamorano v. 
State, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002).
        When 
assessing the second factor, the reason for the delay, we assign different 
weights to different reasons. Barker, 407 U.S. at 531, 92 S. Ct. at 
2192.  A deliberate attempt to delay the trial in order to hamper the 
defense weighs heavily against the government.  Id., 92 S. Ct. at 
2192.  A more neutral reason, such as negligence or overcrowded courts, 
also weighs against the government, though less heavily. Id., 92 S. Ct. 
at 2192. A valid reason, such as a missing witness, will justify the delay and 
weigh in the government’s favor. See id., 92 S. Ct. at 2192; Dragoo, 
96 S.W.3d at 313-14.  A delay attributable to the defendant may constitute 
a waiver of his right to a speedy trial[2] and, 
therefore, weighs heavily against him. See State v. Munoz, 991 S.W.2d at 
822; Webb v. State, 36 S.W.3d 164, 173 (Tex. App.—Houston [14th Dist.] 
2000, pet. ref’d). The State has the initial burden of justifying a lengthy 
delay.  Emery, 881 S.W.2d at 708; Turner v. State, 545 S.W.2d 
133, 137-38 (Tex. Crim. App. 1976).
        Here, 
the State cited appellant’s intentional absence from Texas as the reason for 
the delay.  The record shows that the lengthy delay between appellant’s 
indictment and trial was caused by appellant’s leaving the state and moving to 
Mexico shortly after C.L.’s outcry in an effort to avoid arrest and 
prosecution for the present offense. Because the delay is attributable to 
appellant, this factor weighs heavily against him.
        The 
third factor, defendant's assertion of his speedy trial right, is entitled to 
strong evidentiary weight in determining whether the defendant is being deprived 
of the right.  Barker, 407 U.S. at 531-32, 92 S. Ct. at 
2192-93.  A defendant has some responsibility to assert his right to a 
speedy trial, and his failure to do so strongly indicates that he did not really 
want a speedy trial.  See Harris v. State, 827 S.W.2d 949, 957 (Tex. 
Crim. App. 1992).  This factor weighs in favor of appellant because he 
asserted his right to a speedy trial within four days of his arraignment in his 
motion to dismiss on January 22, 2004, and again in his motion for speedy trial 
on March 4, 2004.
        Prejudice, 
the fourth factor, is to be considered in light of the interests that the right 
to a speedy trial was designed to protect.  Barker, 407 U.S. at 532, 
92 S. Ct. at 2193.  These interests include prevention of extended pretrial 
incarceration, minimization of anxiety over pending charges, and the prevention 
of actual prejudice to the defendant's ability to present a defense.  Id.  
Proof of actual prejudice is not essential to every speedy trial claim because 
"excessive delay presumptively compromises the reliability of a trial in 
ways that neither party can prove or, for that matter, identify."  Dragoo, 
96 S.W.3d at 315 (citing Doggett, 505 U.S. at 655, 112 S. Ct. at 
2693).  A presumption of prejudice, however, is extenuated by the 
defendant's acquiescence in the delay.  Id.; Doggett, 505 
U.S. at 658, 112 S. Ct. at 2694. The defendant has the initial burden of showing 
of prejudice.  Emery, 881 S.W.2d at 709.
        Appellant 
contends that the delay was prejudicial because it caused him anxiety and 
impaired his defense.  Appellant points to the farewell letter he wrote to 
his father before leaving the country as proof of his anxiety.  The anxiety 
expressed in the letter, however, could not have been caused by the delay 
because the letter was written before the indictment issued, before the delay 
began.
        Appellant 
also complains that his defense was impaired because he was unable to find any 
of the people with whom he had lived and worked in the 1980s and because he was 
not given time to secure the testimony of the people with whom he had lived and 
worked during his absence from the state.  Appellant did not show prejudice 
with respect to the lost witnesses from the 1980s, however, because he failed to 
demonstrate that the witnesses were unavailable, that their testimony would be 
material and relevant, and that he exercised due diligence in an attempt to 
locate them.  See Phipps v. State, 630 S.W.2d 942, 947 (Tex. Crim. 
App. 1982); Ervin v. State, 125 S.W.3d 542, 548 (Tex. App.—Houston [1st 
Dist.] 2002, no pet.); Parkerson v. State, 942 S.W.2d 789, 792 (Tex. 
App.—Fort Worth 1997, no pet.).  His inability to procure the testimony 
of the people with whom he lived and worked during his absence from the state 
was not caused by the delay.  In fact, but for appellant’s fleeing the 
state, those people would not have been potential witnesses.  This factor 
weighs against appellant.
        Having 
addressed the four Barker factors, we must now balance them.  
Weighing in favor of finding a violation of appellant's speedy trial right are 
the facts that the delay was excessive and that appellant asserted his right to 
a speedy trial.  Weighing against finding a violation of the right are the 
facts that appellant caused the delay and failed to demonstrate prejudice.  
We hold that the four factors, balanced together, weigh against finding a 
violation of appellant's right to a speedy trial.  Accordingly, we overrule 
appellant’s first point.
        In 
his second point, appellant contends that the trial court erred in failing to 
grant his motion for continuance.  Appellant filed a motion for continuance 
due to the absence of several witnesses.  To preserve the issue of the 
denial of a motion for continuance due to a witness’s absence, an appellant 
must file a written motion for new trial alleging that the motion for 
continuance was improperly denied.  Taylor v. State, 612 S.W.2d 566, 
569 (Tex. Crim. App. [Panel Op.] 1981); Hartson v. State, 59 S.W.3d 780, 
784 (Tex. App.—Texarkana 2001, no pet.); Outland v. State, 810 S.W.2d 
474, 475 (Tex. App.—Fort Worth 1991, pet. ref’d).  Appellant did not 
file a motion for new trial; therefore, he did not preserve this point for our 
review.  Accordingly, we dismiss appellant’s second point.
        In 
his third point, appellant contends that the trial court erred in admitting 
“other bad acts” evidence against him.  Specifically, he argues that 
the complainant’s testimony that appellant asked him to disrobe to “make a 
movie,” videotaped him wearing his underwear, had sexual contact with him 
while he was bathing, and had sexual contact with him on other unspecified dates 
was inadmissible under Rules 404(b) and 403 of the Texas Rules of Evidence.
        Under 
Rule 404(b), evidence of other crimes, wrongs, or acts is inadmissible if it is 
offered to prove the character of a person in order to show action in conformity 
therewith. Tex. R. Evid. 404(b). 
Notwithstanding Rule 404, evidence of other crimes, wrongs, or acts committed by 
a defendant against the child who is the victim of the alleged offense is 
admissible for its bearing on relevant matters, including the state of mind of 
the defendant and the child and the previous and subsequent relationship between 
the defendant and the child. Tex. Code 
Crim. Proc. Ann. art. 38.37 (Vernon 2005); Jones v. State, 119 
S.W.3d 412, 420 (Tex. App.—Fort Worth 2003, no pet.).
        Evidence 
that is admissible under article 38.37 may be excluded under Rule 403 if its 
probative value is substantially outweighed by the danger of unfair prejudice. See 
Tex. R. Evid. 403; Jones, 
119 S.W.3d at 421. To determine whether the probative value of evidence of an 
extraneous offense is outweighed by its prejudicial effect, we look to how 
compellingly the evidence serves to make a fact of consequence more or less 
probable, the potential the evidence has to impress the jury “in some 
irrational but nevertheless indelible way,” the time the State will need to 
develop the evidence, and the force of the State’s need for the evidence. Mozon 
v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); Jones, 119 
S.W.3d at 421-22.  We review a trial court's Rule 403 determination for a 
clear abuse of discretion. Mozon, 991 S.W.2d at 847; Jones, 119 
S.W.3d at 421-22.
        The 
complainant’s testimony was probative to show appellant’s state of mind and 
their relationship. When viewed with the other evidence, it is unlikely that 
this testimony left an indelible impression on the jury that would preclude it 
from rational deliberation.  Further, the State used little time to elicit 
the testimony.  We hold that the trial court did not clearly abuse its 
discretion in admitting the challenged testimony.  Accordingly, we overrule 
appellant’s third point.
        In 
his fourth point, appellant contends that the trial court erred in denying his 
motion to elect. As a general rule, when “evidence of multiple occurrences of 
the acts alleged in the indictment are presented at trial, upon request, the 
State is required to elect which of the instances of the charged acts it will 
rely on for purposes of conviction."  Mayo v. State, 17 S.W.3d 
291, 298 (Tex. App.—Fort Worth 2000, pet. ref'd) (op. on remand); O'Neal v. 
State, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988).  The trial court may 
order the State to make its election at any time prior to the resting of the 
State's case in chief.  Scoggan v. State, 799 S.W.2d 679, 680 n.3 
(Tex. Crim. App. 1990); O’Neal, 746 S.W.2d at 772.  Once the State 
rests its case in chief, however, in the face of a timely request by the 
defendant, the trial court must order the State to make its election. O’Neal, 
746 S.W.2d at 772.  Failure to do so constitutes error.  Id.
        In 
this case, the indictment alleged one act of indecency with a child,[3] the State presented evidence of at least three discrete 
acts of indecency with a child that fit the offense as described in the 
indictment, and appellant made a timely request for the trial court to require 
the State to elect the act upon which it was relying for conviction.[4]  Therefore, the trial court erred by failing to order 
the State to make an election.
        The 
State’s failure to elect a specific act did not harm appellant, however, 
because the record clearly indicates which act the State was relying upon for 
conviction.  See id. at 772-73 (holding that “[b]ecause the 
evidence herein clearly gave notice to the appellant which act of intercourse 
the State would rely upon for conviction, by the close of the State's evidence, 
the appellant was not harmed by the State's late election”).  Although 
the State presented evidence that appellant fondled C.L. five or six times 
within the applicable statute of limitations period, the State’s case clearly 
focused on the one act of abuse that occurred in 1987.  In addition to 
eliciting detailed testimony from C.L. about the 1987 incident, the State’s 
prosecuting attorney emphasized it over the other acts in his opening and 
closing arguments.  Because the State was clearly relying upon the 1987 act 
for conviction, its failure to elect was harmless.  Id. 
Accordingly, we overrule appellant’s fourth point.
        In 
his fifth point, appellant contends that the trial court erred in denying his 
application for deposition.  We review the trial court’s denial of 
appellant’s application for deposition for an abuse of discretion.  See 
Janecka v. State, 937 S.W.2d 456, 469 (Tex. Crim. App. 1996); May v. 
State, 738 S.W.2d 261, 273 (Tex. Crim. App. 1987).  A criminal 
defendant who seeks to depose a witness must file an application and an 
affidavit stating the facts necessary to constitute a good reason for taking the 
deposition.  Tex. Code Crim. Proc. 
Ann. art. 39.02 (Vernon 2005).  Without a proper affidavit, the 
court is without discretion and must deny the defendant’s motion.  State 
ex rel. Simmons v. Moore, 774 S.W.2d 711, 715 (Tex. App.—El Paso 1989, no 
pet.); Bryant v. State, 685 S.W.2d 472, 473 (Tex. App.—Fort Worth 1985, 
pet. ref’d).  A verified application does not meet the affidavit 
requirement of article 39.02. See Simmons, 774 S.W.2d at 714-15.
        Although 
appellant’s application for deposition was verified, it did not contain an 
affidavit.  Therefore, the trial court did not abuse its discretion in 
denying it.  Accordingly, we overrule appellant’s fifth point.  The 
trial court’s judgment is affirmed.
  
  
                                                                  PER 
CURIAM
 
  
  
PANEL A:   CAYCE, 
C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 26, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
“[I]f the delay is attributable to the defendant, then his waiver may be given 
effect under standard waiver doctrine, the demand rule aside.”  Barker, 
407 U.S. at 529, 92 S. Ct. at 2191.
3.  
The indictment alleged that appellant “on or about the 31st day of July, A.D. 
1987 . . . knowingly and intentionally engage[d] in sexual contact with [C.L.], 
a male child not the spouse of [appellant] and younger than 17 years of age by 
then and there touching the genitals of [C.L.] with the intent to arouse and 
gratify the sexual desire of [appellant].”
4.  
Appellant moved for an election at the beginning of trial and reurged the motion 
at the close of the State’s case in chief and at the close of all evidence.