Painter v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-201-CR

CLARENCE PAINTER, III APPELLANT

A/K/A CHIP PAINTER

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Clarence Painter, III appeals his conviction for indecency with a child.  We will affirm.

In August 1987, C.L., a twelve-year-old boy, told a recreation center employee that appellant had molested him.  Appellant and C.L.’s father were friends and former neighbors.  When C.L. lived in the same apartment complex as appellant, he and his friends frequently spent time with appellant, and C.L. slept over at his apartment on several occasions.  C.L. made the outcry shortly before appellant was due to pick him up from the recreation center and keep him for the night. 

The recreation center employee counseled C.L., sent him home, and called the police.  When appellant arrived at the recreation center to pick C.L. up, the employee told him to go away and refused to reveal C.L.’s whereabouts.  Eventually, appellant, C.L., C.L.’s parents, and the police all ended up at C.L’s father’s house.  At the house, the police talked to C.L., his parents, and appellant separately.  When they were through, they allowed appellant to leave.

Within a few days, appellant left the state and moved to Mexico.  Shortly after he left, appellant’s father received a letter from him that proclaimed his innocence and explained that he was leaving the country because he feared being arrested and tried for sexually abusing C.L. 

On February 11, 1988, appellant was charged by indictment with indecency with a child.  The State placed the warrant on the National Crime Institute Computer.  In December 2003, appellant was arrested in Arizona after a traffic stop revealed the warrant.  He waived 
extradition and traveled to Denton County for trial.  After a trial on the merits, a jury found appellant guilty of the charged offense and assessed punishment at twenty years’ confinement and a $10,000 fine. 

In his first point, appellant contends that the trial court erred in overruling his motion to dismiss for failure to grant a speedy trial.  When reviewing a trial court’s ruling on a speedy trial claim, we review legal issues de novo but give deference to a trial court's resolution of factual issues.  
Kelly v. State
, No. PD-0023-04, 2005 WL 858027, at *3 (Tex. Crim. App. April 13, 2005); 
State v. Munoz
, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999).  We give deference not only to a trial court's resolution of disputed facts but also to its drawing of reasonable inferences from the facts.  
Kelly
, 2005 WL 858027, at *3. The Sixth Amendment to the Constitution of the United States provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy. . . trial."  
U.S. Const. 
amend. VI.  The right to a speedy trial is fundamental and is imposed on the states by the Due Process Clause of the Fourteenth Amendment.  
Barker v. Wingo
,  407 U.S. 514, 515-16, 92 S. Ct. 2182, 2184-85 (1972)
.  If a violation of the speedy trial right is established, the only possible remedy is dismissal of the prosecution.  
Strunk v. United States
, 412 U.S. 434, 440, 93 S. Ct. 2260, 2263 (1973).

In determining whether an accused has been denied his right to a speedy trial, we use a balancing test to weigh the conduct of both the prosecution and the defendant. 
 See Barker, 
407 U.S. at 530, 92 S. Ct. at 2192; 
Dragoo v. State
, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003).  The factors to be weighed include the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right, and the prejudice to the defendant resulting from the delay. 
 Barker,
 407 U.S. at 530, 92 S. Ct. at 2192;
 Dragoo, 
96 S.W.3d at 315.  
No single factor alone is necessary or sufficient to establish a violation of the right to a speedy trial.
  Barker
, 407 U.S. at 530, 92 S. Ct. at 2192
; Dragoo, 
96 S.W.3d at 313.

The first factor, length of the delay, is measured from the time the defendant is arrested or formally accused.  
United States v. Marion
, 404 U.S. 307, 313, 92 S. Ct. 455, 459 (1971); 
Dragoo, 
96 S.W.3d at 313. 
 We consider the other three factors only when the delay is long enough to be presumptively prejudicial to the defendant. 
 
Emery v. State
,  881 S.W.2d 702, 708 (Tex. Crim. App. 1994)
.
  In general, delay approaching one year is sufficient to trigger a speedy trial inquiry.  
Doggett v. U.S.
, 505 U.S. 647, 652 n.1, 112 S. Ct. 2686, 2691 n.1; 
Shaw v. State
, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003).

Here, appellant was indicted in February 1988 and tried in April 2004, an interval of sixteen years.  A sixteen-year delay is long enough to be presumptively prejudicial; therefore, we will consider the other three factors.  Moreover, because the delay here stretched far beyond the minimum needed to trigger the inquiry, this factor weighs heavily in favor of finding a violation of the speedy trial right. 
 See Dragoo
,
 
96 S.W.3d at 314;
 Zamorano v. State
, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002).

When assessing the second factor, the reason for the delay, we assign different weights to different reasons.  
Barker, 
407 U.S. at 531, 92 S. Ct. at  2192.  A deliberate attempt to delay the trial in order to hamper the defense weighs heavily against the government.  
Id.
, 92 S. Ct. at  2192.  A more neutral reason, such as negligence or overcrowded courts, also weighs against the government, though less heavily.  
Id.
,  92 S. Ct. at  2192.  A valid reason, such as a missing witness, will justify the delay and weigh in the government’s favor.  
See id.
,  92 S. Ct. at  2192
; Dragoo, 
96 S.W.3d at 313-14.  A delay attributable to the defendant may constitute a waiver of his right to a speedy trial
(footnote: 2) and, therefore, weighs heavily against him.  
See State v. Munoz
, 991 S.W.2d at 822; 
Webb v. State
, 36 S.W.3d 164, 173 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  The State has the initial burden of justifying a lengthy delay.
  
Emery, 
881 S.W.2d at 708; 
Turner v. State
, 545 S.W.2d 133, 137-38 (Tex. Crim. App. 1976).

Here, the State cited appellant’s intentional absence from Texas as the reason for the delay.  The record shows that the lengthy delay between appellant’s indictment and trial was caused by appellant’s leaving the state and moving to Mexico shortly after C.L.’s outcry in an effort to avoid arrest and prosecution for the present offense.  Because the delay is attributable to appellant, this factor weighs heavily against him.

The third factor, defendant's assertion of his speedy trial right, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right.  
Barker
, 407 U.S. at 531-32, 92 S. Ct. at 2192-93.  A defendant has some responsibility to assert his right to a speedy trial, and his failure to do so strongly indicates that he did not really want a speedy trial.
  See Harris v. State, 
827 S.W.2d 949, 957 (Tex. Crim. App. 1992).  This factor weighs in favor of appellant because he asserted his right to a speedy trial within four days of his arraignment in his motion to dismiss on January 22, 2004, and again in his motion for speedy trial on March 4, 2004.

Prejudice, the fourth factor, is to be considered in light of the interests that the right to a speedy trial was designed to protect.  
Barker
, 407 U.S. at 532, 92 S. Ct. at 2193.  These interests include prevention of extended pretrial incarceration, minimization of anxiety over pending charges, and the prevention of actual prejudice to the defendant's ability to present a defense.  
Id
.  Proof of actual prejudice is not essential to every speedy trial claim because "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify."  
Dragoo
, 96 S.W.3d at 315 (citing 
Doggett
, 505 U.S. at 655, 112 S. Ct. at 2693).  A presumption of prejudice, however, is extenuated by the defendant's acquiescence in the delay.  
Id.
;  
Doggett
, 505 U.S. at 658, 112 S. Ct. at 2694.  The defendant has the initial burden of showing of prejudice.  
Emery
, 881 S.W.2d at 709.  

Appellant contends that the delay was prejudicial because it caused him anxiety and impaired his defense.  Appellant points to the farewell letter he wrote to his father before leaving the country as proof of his anxiety.  The anxiety expressed in the letter, however, could not have been caused by the delay because the letter was written before the indictment issued, before the delay began.

Appellant also complains that his defense was impaired because he was unable to find any of the people with whom he had lived and worked in the 1980s and because he was not given time to secure the testimony of the people with whom he had lived and worked during his absence from the state. Appellant did not show prejudice with respect to the lost witnesses from the 1980s, however, because he failed to demonstrate that the witnesses were unavailable, that their testimony would be material and relevant, and that he exercised due diligence in an attempt to locate them. 
 See Phipps v. State
, 630 S.W.2d 942, 947 (Tex. Crim. App. 1982); 
Ervin v. State
, 125 S.W.3d 542, 548 (Tex. App.—Houston [1st Dist.] 2002, no pet.); 
Parkerson v. State
, 942 S.W.2d 789, 792 (Tex. App.—Fort Worth 1997, no pet.).  His inability to procure the testimony of the people with whom he lived and worked during his absence from the state was not caused by the delay.  In fact, but for appellant’s fleeing the state, those people would not have been potential witnesses.  This factor weighs against appellant.

Having addressed the four 
Barker
 factors, we must now balance them. Weighing in favor of finding a violation of appellant's speedy trial right are the  facts that the delay was excessive and that appellant asserted his right to a speedy trial.  Weighing against finding a violation of the right are the facts that appellant caused the delay and failed to demonstrate prejudice.  We hold that the four factors, balanced together, weigh against finding a violation of appellant's right to a speedy trial. Accordingly, we overrule appellant’s first point. 

In his second point, appellant contends that the trial court erred in failing to grant his motion for continuance.  Appellant filed a motion for continuance  due to the absence of several witnesses.  To preserve the issue of the denial of a motion for continuance due to a witness’s absence, an appellant must file a written motion for new trial alleging that the motion for continuance was improperly denied.  
Taylor v. State
, 612 S.W.2d 566, 569 (Tex. Crim. App. [Panel Op.] 1981); 
Hartson v. State
, 59 S.W.3d 780, 784 (Tex. App.—Texarkana 2001, no pet.); 
Outland v. State
, 810 S.W.2d 474, 475 (Tex. App.—Fort Worth 1991, pet. ref’d).  Appellant did not file a motion for new trial; therefore, he did not preserve this point for our review.  Accordingly, we dismiss appellant’s second point.

In his third point, appellant contends that the trial court erred in admitting “other bad acts” evidence against him.  Specifically, he argues that the complainant’s testimony that appellant asked him to disrobe to “make a movie,” videotaped him wearing his underwear, had sexual contact with him while he was bathing, and had sexual contact with him on other unspecified dates was inadmissible under Rules 404(b) and 403 of the Texas Rules of Evidence.

Under Rule 404(b), evidence of other crimes, wrongs, or acts is inadmissible if it is offered to prove the character of a person in order to show action in conformity therewith.  
Tex. R. Evid.
 404(b).  Notwithstanding Rule 404, evidence of other crimes, wrongs, or acts committed by a defendant against the child who is the victim of the alleged offense is admissible for its bearing on relevant matters, including the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child.  
Tex. Code Crim. Proc. Ann.
 art. 38.37 (Vernon 2005); 
Jones v. State
, 119 S.W.3d 412, 420 (Tex. App.—Fort Worth 2003, no pet.).

Evidence that is admissible under article 38.37 may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice.  
See
 
Tex. R. Evid.
 403; 
Jones, 
119 S.W.3d at 421. 
 
To determine whether the probative value of evidence of an extraneous offense is outweighed by its prejudicial effect, we look to how compellingly the evidence serves to make a fact of consequence more or less probable, the potential the evidence has to impress the jury “in some irrational but nevertheless indelible way,” the time the State will need to develop the evidence, and the force of the State’s need for the evidence.  
Mozon v. State
, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); 
Jones
, 119 S.W.3d at 421-22.  We review a trial court's Rule 403 determination for a clear abuse of discretion.  
Mozon
, 991 S.W.2d at 847; 
Jones
, 119 S.W.3d at 421-22.

The complainant’s testimony was probative to show appellant’s state of mind and their relationship.  When viewed with the other evidence, it is unlikely that this testimony left an indelible impression on the jury that would preclude it from rational deliberation.  Further, the State used little time to elicit the testimony.  We hold that the trial court did not clearly abuse its discretion in admitting the challenged testimony.  Accordingly, we overrule appellant’s third point.

In his fourth point, appellant contends that the trial court erred in denying his motion to elect.  As a general rule, when “evidence of multiple occurrences of the acts alleged in the indictment are presented at trial, upon request, the State is required to elect which of the instances of the charged acts it will rely on for purposes of conviction."  
Mayo v. State
, 17 S.W.3d 291, 298 (Tex. App.— Fort Worth 2000, pet. ref'd) (op. on remand); 
O'Neal v. State
, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988).  
The trial court may order the State to make its election at any time prior to the resting of the State's case in chief. 
 Scoggan v. State
, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990); 
O’Neal
, 746 S.W.2d at 772.  Once the State rests its case in chief, however, in the face of a timely request by the defendant, the trial court must order the State to make its election.  
O’Neal
, 746 S.W.2d at 772.  Failure to do so constitutes error.  
Id.

In this case, the indictment alleged one act of indecency with a child,
(footnote: 3) the State presented evidence of at least three discrete acts of indecency with a child that fit the offense as described in the indictment, and appellant made a timely request for the trial court to require the State to elect the act upon which it was relying for conviction.
(footnote: 4)  Therefore, the trial court erred by failing to order the State to make an election.

The State’s failure to elect a specific act did not harm appellant, however, because the record clearly indicates which act the State was relying upon for conviction.  
See id. 
at 772-73 (holding that “[b]ecause the evidence herein clearly gave notice to the appellant which act of intercourse the State would rely upon for conviction, by the close of the State's evidence, the appellant was not harmed by the State's late election”)
.  Although the State presented evidence that appellant fondled C.L. five or six times within the applicable statute of limitations period, the State’s case clearly focused on the one act of abuse that occurred in 1987.  In addition to eliciting detailed testimony from C.L. about the 1987 incident, the State’s prosecuting attorney emphasized it over the other acts in his opening and closing arguments.  Because the State was clearly relying upon the 1987 act for conviction, its failure to elect was harmless.  
Id.
  Accordingly, we overrule appellant’s fourth point.

In his fifth point, appellant contends that the trial court erred in denying his application for deposition.  We review the trial court’s denial of appellant’s application for deposition for an abuse of discretion.  
See Janecka v. State
,
 
 937 S.W.2d 456, 469 (Tex. Crim. App. 1996); 
May v. State
, 738 S.W.2d 261, 273 (Tex. Crim. App. 1987).  A criminal defendant who seeks to depose a witness must file an application and an affidavit stating the facts necessary to constitute a good reason for taking the deposition.  
Tex. Code Crim. Proc. Ann.
 art. 39.02 (Vernon 2005).  Without a proper affidavit, the court is without discretion and must deny the defendant’s motion.  
State ex rel. Simmons v. Moore
, 774 S.W.2d 711, 715 (Tex. App.—El Paso 1989, no pet.); 
Bryant v. State
, 685 S.W.2d 472, 473 (Tex. App.—Fort Worth 1985, pet. ref’d).  A verified application does not meet the affidavit requirement of article 39.02.  
See Simmons
, 774 S.W.2d at 714-15.

Although appellant’s application for deposition was verified, it did not contain an affidavit.  Therefore, the trial court did not abuse its discretion in denying it.  Accordingly, we overrule appellant’s fifth point.  The trial court’s judgment is affirmed.

PER CURIAM

PANEL A: CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 May 26, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4. 

2:
“[I]f the delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine, the demand rule aside.”  
Barker
, 407 U.S. at 529, 92 S. Ct. at 2191.

3:
The indictment alleged that appellant “on or about the 31st day of July, A.D. 1987 . . . knowingly and intentionally engage[d] in sexual contact with [C.L.], a male child not the spouse of [appellant] and younger than 17 years of age by then and there touching the genitals of [C.L.] with the intent to arouse and gratify the sexual desire of [appellant].” 

4:
Appellant moved for an election at the beginning of trial and reurged the motion at the close of the State’s case in chief and at the close of all evidence.