In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00579-CR**

_____

**IN RE STEPHEN LOUIS HARTMAN**

**Original Proceeding**

**OPINION**

Stephen Louis Hartman filed a petition for writ of mandamus asking this Court to compel the Judge of the County Court at Law No. 2 of Orange County, Texas, to allow Hartman's counsel access to an audio recording. We conditionally grant mandamus relief.

On May 28, 2013, the judge of the 252nd District Court of Jefferson County was conducting court when Hartman, a process server, attempted to serve the judge with a summons. Summer Tanner, the court reporter for the 252nd District Court, was transcribing the court proceedings and recording the proceedings on an audio recording. Hartman was arrested and charged with hindering a proceeding by disorderly conduct. Hartman obtained a subpoena for Tanner's audio recording,

1

which Tanner moved to quash. The trial court granted Tanner's motion in part, denied the motion in part, and ordered the entire audio recording sealed. In findings of fact and conclusions of law, the trial court stated, in pertinent part, that the inadmissible portions of the audio recording contain no evidence relevant to Hartman's guilt or innocence, no exculpatory evidence, and no impeachment evidence. In this mandamus proceeding, Hartman challenges the trial court's ruling.

A party seeking a writ of mandamus must show that (1) he has no other adequate remedy at law; and (2) the act sought to be compelled is purely ministerial. *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001); *In re Altschul*, 146 S.W.3d 754, 755 (Tex. App.—Beaumont 2004, orig. proceeding). Regarding the first requirement, "potential review at a later time is not always or automatically an adequate remedy: 'In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate.'" *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648-49 (Tex. Crim. App. 2005) (quoting *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987)). Under the circumstances of this case, delaying review of the trial court's

2

order until after the conclusion of Hartman's criminal case would frustrate the purpose of furthering judicial economy and would be a waste of the parties' time and resources. *See id*. at 649.

Regarding the second requirement, the State and Tanner argue that a trial court's discovery rulings made in criminal cases are discretionary and not subject to mandamus. Generally, a trial court's acts involving discovery under article 39.14 of the Texas Code of Criminal Procedure are discretionary and not subject to a writ of mandamus, but decisions involving pretrial discovery of evidence that is exculpatory, mitigating, or privileged are not discretionary. *See Kinnamon v. State*, 791 S.W.2d 84, 91 (Tex. Crim. App. 1990) *overruled on other grounds*, by *Cook v. State*, 884 S.W.2d 485 (Tex. Crim. App. 1994); *see also Dickens v. Court of Appeals for the Second Supreme Judicial Dist. of Tex.*, 727 S.W.2d 542, 552 (Tex. Crim. App. 1987); *State ex rel. Simmons v. Moore*, 774 S.W.2d 711, 714 (Tex. App.—El Paso 1989, no pet.). "While Article 39.14 'makes it clear that the decision on what is discoverable is committed to the discretion of the trial court,' the trial court *must* permit discovery if 'the evidence sought is material to the [d]efense of the accused.'" *Ex parte Miles*, 359 S.W.3d 647, 670 (Tex. Crim. App. 2012) (quoting *Quinones v. State*, 592 S.W.2d 933, 940-41 (Tex. Crim. App. 1980)) (emphasis added). Exculpatory and impeachment evidence is material if its

effective use may make the difference between a conviction and an acquittal. *Little v. State*, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999).

This Court has reviewed Tanner's audio recording, and we conclude that parts of the recording contain evidence that may justify, excuse, or clear Hartman of the charged offense, as well as evidence that may dispute or contradict other evidence in the case. *See Harm v. State*, 183 S.W.3d 403, 408 (Tex. Crim. App. 2006) ("Exculpatory evidence may justify, excuse, or clear the defendant from fault, while impeachment evidence is that which disputes or contradicts other evidence."). These parts of the audio recording that were not disclosed, which include comments and statements between the trial court and the arresting officer about what had occurred while Hartman was in the courtroom, are relevant to the State's allegation that he disrupted the court's proceedings and that, in our view, consist of *Brady*[1] material. Consequently, there are parts of the undisclosed audio recording that are especially material to Hartman's defense, and these statements would be used by a competent defense attorney in an effort to impeach the State's witnesses or to argue that Hartman's alleged conduct was neither disruptive nor the actual basis for his arrest.

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

These undisclosed portions of the audio recording consist of *Brady* material that is required to be disclosed at a meaningful time prior to trial. Because we conclude that the trial court erred in its findings, we believe the previously undisclosed portions of the audio recording that contain comments or statements by the trial court and the arresting officer that pertain to Hartman must be made available to him. After listening to the audio recording *in camera*, the trial court found that the undisclosed portions of the audio recording contained no relevant impeachment or exculpatory evidence. We disagree: the undisclosed portions of the audio recording contain statements by the trial court and the arresting officer about the specific incident in question and Hartman's arrest. A competent defense attorney could use the evidence from the undisclosed portions of the audio recording to argue that the decision to arrest Hartman was based upon what the trial court told the arresting officer, and not because of what the arresting officer had seen Hartman doing in court.

Given this content, and regardless of the prosecutor's good or bad faith, this undisclosed information is favorable to Hartman because it places what happened during the proceedings in a context that is more favorable to him. It is material because without those undisclosed portions Hartman will be required to try his case without evidence from which a jury could reasonably conclude shows that the

5

trial court, not the arresting officer, made both the decision to have Hartman arrested and supplied the reason for his arrest, and the audio recording would be admissible, as no one has disputed that the voices in the audio recording include those of the trial court and the arresting officer. *See Hampton v. State*, 86 S.W.3d 603, 611-613 (Tex. Crim. App. 2001) (stating *Brady* standards and explaining that a *de novo* standard applies to the application of undisputed historical facts and requiring the reviewing court to explain why a particular item is especially material in conducting a Brady review); *Brady*, 373 U.S. at 87.

Accordingly, we conclude that the trial court's discovery action in this case was ministerial, not discretionary, and the trial court was required to give Hartman access to relevant portions of the audio recording. *See Miles*, 359 S.W.3d at 670; *see also Hill,* 34 S.W.3d at 928 (Under the ministerial act/clear legal right requirement, the law must set forth the duty to be performed with such clarity and certainty that nothing is left to the trial court's exercise of discretion or judgment.); *Kinnamon*, 791 S.W.2d at 91; *Simmons*, 774 S.W.2d at 714.

However, not all of the remaining portions of the audio recording are exculpatory, and Hartman has no general right, reviewable on mandamus, to make the trial court provide non-*Brady* material to him. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987) (noting that "[d]efense counsel has no constitutional right to

conduct his own search of the State's file to argue relevance"). We also expressly reject the State's argument that the trial court was under no duty to disclose any part of the audio recording because it was in the possession of the court reporter, not the State. Although the State argues that such a distinction distinguishes and limits the Supreme Court's holding in *Brady* in a way that makes it inapplicable to the facts of this case, in our view the constitutional standards apply to the information that came into the trial court's possession, regardless of how the trial court obtained the information.[2]

We conditionally grant Hartman's petition for writ of mandamus, and we direct the trial court to vacate its order of March 4, 2014, in which it quashed, in part, Hartman's subpoena duces tecum and to issue an order allowing Hartman's counsel to review the remainder of the relevant portions of the audio recording. The writ will issue only if the trial court fails to comply with these instructions.

---

[2]In our view, the prosecutor should have requested that the court reporter allow him to review the recording upon learning that Hartman was claiming that it contained relevant evidence. Under the Code of Criminal Procedure, the "primary duty of all prosecuting attorneys, including any special prosecutors, [is] not to convict, but to see that justice is done." Tex. Code of Crim. Proc. Ann. art. 2.01 (West 2005).

WRIT CONDITIONALLY GRANTED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 29, 2014
Opinion Delivered April 16, 2014
Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

## DISSENTING OPINION

I agree that some of the statements on the remainder of the audio recording are "relevant."[3] And, depending upon the scope and content of the testimony of the witnesses and evidence at trial, one or more of those statements may be exculpatory or impeachment evidence in the trial because the excluded portion of the audio recording appears to specifically contain conversations between one or more witnesses about the underlying alleged Hartman incident. But, I cannot agree with the majority regarding its result because the facts simply are not ripe for mandamus review at this time. Additionally, it is premature to enter a ruling, at this stage, regarding the "exculpatory" nature of the remaining portion of the audio recording because we do not yet know what the evidence will be and if such statements will indeed be admissible and material to the defense.

The record indicates the trial court conducted an in-camera inspection of the audio recording; therefore, the trial court now has an ongoing obligation to release the evidence if the information becomes "material to the fairness of the trial" at

---

[3]Relevant evidence is any evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. A limited portion of the excluded audio recording specifically contains oral statements by court personnel about the alleged Hartman incident, and the statements are therefore "relevant."

any time during the proceeding. *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). Furthermore, if the individuals that are speaking on the audio recording testify at trial, the defendant may then request a copy of any recorded or written statement of that witness in accordance with Texas Rule of Evidence 615. *See* Tex. R. Evid. 615. The State will also have an ongoing obligation[4] to comply with *Brady v. Maryland*, 373 U.S. 83 (1963), and produce exculpatory evidence (which also includes impeachment evidence) at a meaningful time. The State bears the risk of having the conviction set aside on appeal if the defendant is convicted at trial for the alleged offense, and the non-disclosed audio recording is not produced and it is later determined to have been a *Brady* violation. To establish a claim under *Brady*, the defendant must demonstrate that: 1) the State failed to disclose evidence, regardless of the prosecutor's good or bad faith; 2) the withheld evidence is favorable to the defendant; 3) the evidence is material to the guilt or punishment, which means that there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different; and 4) the evidence is admissible. *Ex parte Miles*, 359 S.W.3d 647, 665-70 (Tex. Crim. App. 2012). For *Brady* purposes, evidence is "material" if there is a probability that it

---

[4]The State has an affirmative and ongoing obligation to disclose evidence that is favorable to an accused and material to his guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83, 87-88 (1963).

sufficiently "'undermines confidence in the outcome of the trial.'" *Id*. at 666 (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

Therefore, even if the trial court's rulings are in error, I cannot agree with the majority opinion which concludes that the trial court's pretrial discovery ruling was purely "ministerial." The record lacks sufficient detail for me to make the determination as to whether or not the remainder of the audio recording indisputably contains "favorable evidence" that would be "material." Furthermore, under the applicable two prong mandamus standard, this Court should not, at this time and in the context of the mandamus record before us, order the trial court to "vacate its order of March 4, 2014. . . and to issue an order allowing Hartman's counsel to review the remainder of the relevant portions of the audio recording." *See* Majority at p. 7.

In *Dickens v. Court of Appeals for the Second Supreme Judicial Dist.*, 727 S.W.2d 542, 551 (Tex. Crim. App. 1987), the Court of Criminal Appeals explained:

> We have acknowledged the important purposes of pretrial discovery, "such as the reduction of surprise and the insurance of a fair trial." *Quinones* [*v. State*, 592 S.W.2d 933, 940 (Tex. Crim. App. 1980)]. We have also observed that the better practice is for the State to allow broad discovery. *Id*. However, a writ of mandamus should not be used to effectuate that purpose. If this Court allowed mandamus to be substituted for appellate review in discovery situations, the trial of cases would be slowed to a crawl, and eventually, mandamus would

11

be substituted for the appellate process in all pretrial matters.

The *Dickens* court concluded that the ruling of the trial court was "a discretionary act of a trial judge reviewable only on appeal and, therefore, not a proper subject of a writ of mandamus." *Dickens*, 727 S.W.2d at 544, 553; *see also In re Carroll*, No. 09-12-00343-CR, 2012 Tex. App. LEXIS 7787 (Tex. App.—Beaumont Sept. 12, 2012, orig. proceeding) (mem. op., not designated for publication) (Although the defendant argued the trial court had no discretion to deny the State's production of a video recording, the court of appeals cited *Dickens* and held that the defendant had "not shown that direct appeal would be an inadequate remedy" especially in light of the fact that the State and the defendant had a discovery agreement.); *Vanwinkle v. State*, No. 02-09-00200-CR, 2010 Tex. App. LEXIS 8686 (Tex. App.—Fort Worth Oct. 28, 2010, pet. ref'd) (mem. op., not designated for publication) (The trial court did not abuse its discretion in denying a request to take a deposition of a non-party for the purpose of obtaining the person's fingerprints.); *In re Sanchez*, 268 S.W.3d 680 (Tex. App.—Corpus Christi 2008, orig. proceeding) (The trial court's decision to deny a defendant's pretrial discovery request was not reviewable by mandamus even though the defendant argued the discovery related to exculpatory evidence.). *Compare In re State ex rel. Weeks*, 391 S.W.3d 117, 122, 126 (Tex. Crim. App. 2013) (orig. proceeding) (The Court

of Criminal Appeals granted mandamus relief to the State to compel the trial court to submit a jury instruction.); *Ex parte Miles*, 359 S.W.3d at 665-670 (In a post-conviction habeas proceeding, the Court of Criminal Appeals held that the State's failure to produce two undisclosed reports that established possible identities of other potential suspects and contained favorable evidence material to the defense violated the defendant's constitutional right as expressed in *Brady.*); *In re Tharp*, No. 03-12-00400-CV, 2012 Tex. App. LEXIS 6698 (Tex. App.—Austin Aug. 9, 2012, orig. proceeding) (mem. op.) (Trial court's discovery order in a criminal case required production of "all records [and] documents" and exceeded the scope and range of items the State may be compelled to produce under art. 39.14 of the Texas Code of Criminal Procedure.).

Mandamus relief is only appropriate in a criminal proceeding when the relator sufficiently demonstrates he has no adequate remedy at law and the act sought is purely "ministerial" (i.e. he has a clear right to the relief sought). *Weeks*, 391 S.W.3d at 122. Based on the record before us at this time, I conclude neither prong of the mandamus standard has been met. Accordingly, I respectfully dissent.

_____
LEANNE JOHNSON
Justice

Dissent Delivered
April 16, 2014