**Reginald Wayne YOUNG, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–780CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 15, 1982.

Rehearing Denied Aug. 5, 1982.

Discretionary Review Refused Nov. 3, 1982.

Carnagie Mims, Jr., Houston, for appellant.

Alvin Titus, Norma Davenport, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

Appellant was convicted of the offense of aggravated robbery after a trial by a jury. The court assessed punishment at twenty-five (25) years confinement in the Texas Department of Corrections. Appellant's motion for new trial was overruled and he perfected this appeal. We find no reversible error in the judgment below and as reformed, it is affirmed.

Initially, we consider appellant's claim the evidence was insufficient to support a conviction for aggravated robbery (ground of error three). Appellant maintains the evidence presented to trial was insufficient to support the indictment's charge that " . . . in the course of committing theft . . . (appellant did) intentionally and knowingly threaten and place the complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely a knife." Appellant claims there is no evidence he ever robbed the complainant or used a knife.

The following facts were testified to at trial. At approximately 7:00 p.m. on the evening of February 22, 1981, the complainant and his wife, Mr. and Mrs. Masters, were walking their dog in their subdivision in southwest Houston. As they were walking on Portal Street, an automobile containing two men came alongside them and stopped. The driver emerged and asked Mr. Masters the location of a particular named street. Mr. Masters told him the street was not in that subdivision. The driver quickly pulled a black object and hit Mr. Masters on the head. The driver then drew a knife and demanded the couple give him their valuables. Mr. Masters and the driver started to struggle, and Mrs. Masters began to scream. At that time the passenger of the automobile, who was identified at trial as appellant, emerged from the car and began to move toward her. After standing briefly behind her dog while appellant spread his arms out menacingly, Mrs. Masters ran down the street, chased by appellant, and onto the front porch of a house a few doors down. She ran inside and asked the occupants to call the police.

The owner of the house ran out in time to see appellant and the driver get into the car and drive away. Mr. Masters received numerous stab wounds, but did not suffer any substantial injury.

Appellant was identified at trial by both Mr. and Mrs. Masters. Mrs. Masters testified she was staring at appellant's face for approximately one minute before he began to chase her, so she was able to positively identify him. The suspects' automobile was identified at trial as belonging to Norbett Riggs, who also was charged with the aggravated robbery. Appellant admitted through testimony to be riding with Riggs through southwest Houston on the night in question and that they may have encountered the Masters. Suffice it to say that the evidence is sufficient to support the conviction. It is clear appellant aided in the commission of the aggravated robbery by attempting to prevent Mrs. Masters from helping her husband or obtaining help while appellant's companion used a knife, repeatedly stabbing Mr. Masters. The jury received a charge on the law of parties and on criminal responsibility, Sections 7.01(a) and 7.02(a)(2), Tex.Penal Code (Vernon 1974), and had sufficient evidence upon which to base its conviction. *Cross v. State,* 550 S.W.2d 61 (Tex.Cr.App.1977). This ground of error is overruled.

Appellant claims the trial court erred in refusing to set aside the indictment in response to his motion to dismiss under the Speedy Trial Act. Tex.Code Crim.Pro.Ann. art. 32A.02, § 1(1) (Vernon Supp. 1982). The Speedy Trial Act requires a court grant a motion to set aside a felony indictment if the state is not ready for trial within 120 days of the commencement of a criminal action. A criminal action commences when an accused is either arrested or indicted for the offense. Tex.Code Crim.Pro.Ann. art. 32A.02, § 2(a) (Vernon Supp. 1982). Appellant was arrested on March 17, 1981 and indicted for aggravated robbery the following day. Since the state did not announce ready for trial until August 31, 1982, 167 days after his arrest, appellant maintains the Speedy Trial Act was violated.

■ The record reveals, however, that on June 18 appellant's counsel agreed to the August 31 trial date. Appellant argues since there was no specific waiver of the Speedy Trial Act in the agreement, the state was still obligated to announce ready within 120 days. We disagree. While the agreed setting may not have specifically waived appellant's speedy trial rights, we hold the agreement tolled the running of the Act until after the agreed trial date. Where an accused or his counsel takes action to delay a trial, the accused is in no position to then complain of those delays. *Vardas v. State,* 518 S.W.2d 826 (Tex.Cr. App.1975).

■ The record also reflects appellant requested and received a competency examination, which added delay to the process of coming to trial. In addition, the record reveals there was a crowded docket during the time between arrest and trial. While a crowded docket does not constitute a complete excuse for a delay, it does weigh slightly against an accused's speedy trial claims. *United States v. Canales,* 573 F.2d 908 (5th Cir.1978). Therefore, because appellant participated in the delay, and because of the crowded docket, we believe there was no harm to his speedy trial rights, and the trial court was correct in not dismissing the indictment.

Next, appellant argues the trial court erred in not permitting his counsel the opportunity to inspect certain evidence in the possession of the state under the authority of Tex.Code Crim.Pro.Ann. art. 39.14 (Vernon 1979). Appellant's counsel attempted to obtain the names and statements of persons interviewed at the scene and of witnesses to be called at trial, along with all documents, reports and arrest records concerning appellant. The names of witnesses to be called at trial, however, were available to appellant from the subpoena. Appellant's prior convictions were also a matter of public record. In addition, Article 39.14 specifically excludes from discovery the "written statements of witnesses and . . . the work product of counsel in the case and their investigators, and their notes or reports."

■ Generally speaking, an accused does not have a general right to discovery of evidence in the possession of the state. Article 39.14 makes it clear the decision as to what is discoverable is committed to the discretion of the trial court. The issue, then, is whether the trial court abused its discretion in refusing to allow discovery. Texas has chosen to follow a rule which requires the trial court to permit discovery only if the evidence sought is material to the defense of the accused. *Quinones v. State,* 592 S.W.2d 933 (Tex.Cr.App.1980). The mere possibility an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ There was no evidence presented at trial of the materiality of the items listed in the motion that were not already available to appellant. Where there is no showing the matters sought to be discovered are material, or are in the sole possession of the prosecution, then an appellant is not entitled to relief on appeal. *Turpin v. State,* 606 S.W.2d 907 (Tex.Cr.App.1980); *Brem v. State,* 571 S.W.2d 314 (Tex.Cr.App.1978). This ground of error is overruled.

■ In his fourth ground of error appellant argues the trial court erred in not granting a mistrial based on the court's comments on the weight of the evidence and on the court's permitting testimony concerning an extraneous offense. First, appellant maintains the trial court erred by continually commenting on the weight of the evidence by repeating statements of the prosecutor and witnesses while ruling on objections. This argument is without merit. The record is clear the court was not making comment but merely asking for clarification or giving reasons for its ruling. The use of the phrase "let the record so reflect" is hardly a comment on the evidence that would prejudice the accused or benefit the state. *Sikes v. State,* 500 S.W.2d 650 (Tex.Cr.App.1973).

■ Appellant's second claim raises greater concern, but is also overruled. The record reflects that during the guilt/innocence phase of trial certain testimony came into evidence in violation of a motion in limine concerning an extraneous offense. The evidence involved assertions that appellant committed the offense of rape not more than fifteen minutes after leaving the scene of the aggravated robbery. During the cross-examination of appellant the following occurred:

Q. Mr. Young, it's your testimony, and correct me if I'm wrong, but it was not you and Norbert Riggs out there on Portal Street on February 22nd who stopped and attacked the Masters is that right or wrong?

A. It wasn't us that attacked anyone. I don't know what street we was on.

Q. Mr. Young, do you recall about 7:15 on February 22, 1981 stopping on Gatlinburg right around the corner and abducting Bonnie Hancock?

A. No, ma'am.

Appellant's counsel objected, but was overruled and had his motion for mistrial denied. The prosecutor was able to continue to question appellant about the extraneous offense. In fact, after appellant had rested his case, the state was permitted to call the rape victim as a rebuttal witness to appellant's testimony denying that appellant and Riggs "attacked anyone" or that he recalled abducting the girl minutes later. *See Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App. 1972).

■ In his seventh ground of error appellant contends the sentence of twenty-five years confinement in the Texas Department of Corrections is excessive and represents cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article I, § 13 of the Texas Constitution. Appellant argues that since he never actually committed the offense but was convicted as a party, and that since he has no record of prior arrests or convictions, the sentence was cruel and unusual.

The punishment assessed by the court was well within the range prescribed by Tex.Penal Code Ann. § 12.32(a) (Vernon Supp. 1982), for a first degree felony. *See:* Tex.Penal Code Ann. § 29.03(b) (Vernon 1974). The Court of Criminal Appeals has held this punishment is not cruel or unusual. *McNew v. State,* 608 S.W.2d 166 (Tex.Cr.App.1978); *Jordan v. State,* 495 S.W.2d 949 (Tex.Cr.App.1973). Appellant was sentenced to twenty-five years for participating in an aggravated robbery of a couple involving a knife, which occurred not more than two blocks from their house. Therefore, we do not believe the punishment was cruel or unusual.

■ Finally, appellant complains of trial court error in the judgment form which states "the court further finds that a deadly weapon, namely, a firearm, was used during the commission of the offense." Appellant maintains there is no evidence to support the use of a firearm in the robbery, and that the judgment must be reversed.

After reviewing the indictment, the evidence presented at trial, and the charge to the jury, it is clear that the judgment contains a clerical error and that the word, "firearm" was mistakenly inserted in place of the word "knife". This error does not constitute a ground for reversal. Therefore, under the authority of Tex.Code Crim. Pro.Ann. art. 44.24(b) (Vernon Supp. 1982), we reform and correct the judgment to be consistent with this opinion. Grounds of error five and six are overruled.

Judgment affirmed as reformed.