Affirmed and Opinion filed June 21, 2005









Affirmed and Opinion filed June 21, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00721-CR

____________

 

ARAMUS DESHON
HOLLEY,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court 

Harris County, Texas

Trial Court Cause No. 954,971

 



 

O P I N I O N

Appellant pleaded guilty to evading arrest
using a motor vehicle, a felony offense. 
See Tex. Penal Code §
38.04.  The trial court sentenced
appellant to two years’ imprisonment in a state jail.  Appellant asserts 1) the trial court did not
have jurisdiction over his cause due to a faulty indictment; 2) the sentence
handed down was void since his indictment alleges only a misdemeanor; 3) he did
not knowingly and voluntarily plead guilty to the offense charged; and 4) his
sentence is excessive in violation of both the state and federal
constitutions.  We affirm. 

 








I.        Factual
and Procedural Background

On July 11, 2003, appellant drove his
motorcycle past Officer J.E. Matamoros, who was on the side of the Gulf Freeway
with a laser device recording the speeds of passing cars.  Upon recording appellant’s speed at 82 miles
per hour—22 miles per hour above the speed limit—Officer Matamoros got into his
car and pursued appellant.  Appellant
darted across all southbound lanes of traffic to exit the freeway at Airport Boulevard.  Appellant glanced back to find that Officer
Matamoros was still in pursuit, at which time appellant ran a red light at the
Airport Boulevard intersection, disrupting traffic, reentered the Gulf Freeway
and weaved in and out of traffic at high speeds.  During the pursuit, Officer Matamoros noted
that he himself was traveling at 135 miles per hour and still was losing ground
to the fleeing appellant.  Appellant
again exited the freeway, this time at Fuqua Street, and continued south to the
intersection of I-45 and Beltway 8, only to find that two wrecker trucks, whose
drivers had been listening to the chase on their police band radios, had
blocked the intersection.  Appellant then
stopped his flight, got off of his motorcycle and raised his arms in surrender.


The State charged appellant with evading
arrest.  Appellant pleaded guilty without
a sentencing recommendation.  The court,
after hearing the facts, sentenced appellant to two years’ incarceration in
state jail.  Appellant now presents this
court with five points of error.  Points
of error one, two, and three are based upon appellant’s contention that his
indictment alleged a misdemeanor rather than a felony, while points of error
four and five concern the allegedly excessive nature of his sentence.

 

 

 

 

 

 








II.       Analysis


Point of Error One—Trial Court
Jurisdiction    

Appellant’s first point of error is that the
indictment alleged only a misdemeanor offense, leaving the district court—a
felony court—without jurisdiction.  See
Tex. Const. art. V, § 8; Tex. Code Crim. Proc. art. 4.05.[1]

The adequacy of an indictment is a
question of law subject to de novo review. 
State  v. McCoy, 64 S.W.3d
90, 92 (Tex. App.—Austin 2001, no pet.); State v. Hoffman, 999
S.W.2d 573, 574 (Tex. App.—Austin 1999, no pet.); see also Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc) (holding
that mixed questions of law and fact not turning on credibility may be reviewed
de novo); Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997)
(en banc) (holding that purely legal questions are reviewed de novo).

The section of the penal code under which
appellant is charged—Section 38.04—states in part that, “A person commits an
offense if he intentionally flees from a person he knows is a peace officer
attempting lawfully to arrest or detain him.” 
Tex. Penal Code §
38.04(a).  The statute classifies this
offense as a misdemeanor.  Id §
38.04(b).  The offense is a felony,
however, in the following circumstances:

(1) a state jail felony if the
actor uses a vehicle while the actor is in flight and the actor has not been
previously convicted under this section; 

(2) a felony of the third degree
if: 

(A) the actor uses a
vehicle while the actor is in flight and the actor has been previously convicted
under this section.

Id. §
38.04(b)(1)–(b)(2)(A).  Appellant claims
that the indictment under which he was charged was faulty.  The indictment states in pertinent part, 








the Defendant, heretofore on or about July 11, 2003, did then and there
unlawfully, intentionally flee from J. Matamoros, hereafter styled the
Complainant, a peace officer employed by Houston Police Department, lawfully
attempting to detain the Defendant, and the Defendant knew that the Complainant
was a peace officer attempting to detain the Defendant, and the Defendant used
a motor vehicle while he was in flight. 

Thus, the indictment alleges each element
of the misdemeanor crime:  1) intentional
flight; 2) from a person the defendant knows is a peace officer; 3) who is
lawfully attempting to arrest or detain the defendant.  But the State intended to elevate the offense
from a misdemeanor to a state jail felony by alleging one additional
element—the use of a motor vehicle.  The
appellant claims that in order to charge him with the state jail felony offense
of evading arrest, the State must have pleaded and proved the elements of the
misdemeanor offense plus both use of a vehicle while in flight and that
he had not been previously convicted under section 38.04.  Appellant concludes that although the State
pleaded and proved the use of a motor vehicle, because the State did not plead
and prove an absence of prior convictions under section 38.04, the indictment
can only be construed to allege the lesser misdemeanor offense. 








We disagree.  “An indictment or information must by direct
and positive averments allege all of the constituent elements of the offense
sought to be charged.”  Chance v. State,
563 S.W.2d 812, 814 (Tex. Crim. App. 1978). 
The Penal Code defines “element of offense” as, “(A) the forbidden
conduct; (B) the required culpability; (C) any required result; and (D) the
negation of any exception to the offense.” 
Tex. Penal Code § 1.07(a)(22).  The nonexistence of prior convictions under
section 38.04 does not fall into any of these categories.  By implication, this means the Legislature
did not intend for it to be an element of the offense.    See id; see also Hooker v. State,
No. 12-02-00173-CR, 2003 WL 22048243, at *4 (Tex. App.—Tyler Aug. 29, 2003,
pet. ref’d) (not designated for publication) (analyzing the statutory language
of section 38.04 and holding that the legislature did not intend for the
prosecution to plead and prove a negative).[2]  We overrule appellant’s first point of error.


Point of Error
Two—Sentence    

In his second
point of error, appellant asserts that because the indictment alleged only a
misdemeanor, punishing the crime as a felony was reversible error.  See Ex parte McIver, 586 S.W.2d 851,
854 (Tex. Crim. App. [Panel Op.] 1979) (holding that when statute authorized
jury to recommend probation as to a period of confinement and impose a fine, a
sentence that did the opposite by assessing confinement and recommending
probation of a fine was deemed void). 
While this issue is not jurisdictional, it does turn on the same
question as issue number one—whether the indictment alleged a felony or a
misdemeanor.  Thus, the same standard of
review and reasoning would apply here to produce the same result—that the
indictment did in fact allege a felony. 
Therefore, the punishment assessed was in agreement with the crime
charged by the indictment.

Point of Error
Three—Guilty Plea








Appellant also
claims that his guilty plea was not knowingly and intelligently entered into,
as required by the United States Constitution. 
See U.S. Const.
amend. XIV § 1; Boykin v. Alabama, 395 U.S. 238, 242–43 (1969).  To enter a guilty plea knowingly and
intelligently  means that the defendant
is aware of the consequences of his plea and what it is that he is waiving when
he pleads.  Henderson v. Morgan,
426 U.S. 637, 650 (1976).  Appellant does
not claim that he did not know he was being charged with a felony, however, nor
does he challenge the sufficiency of the court’s admonishment.  Instead, he claims his guilty plea to a
felony offense was invalid because the charge in the indictment was allegedly a
misdemeanor.

Thus, this claim,
though disguised as an attack on the plea itself, presents the same alleged
error as presented in issues one and two. 
As discussed above, the indictment charged felony evading arrest, and
appellant understood he was pleading guilty to a felony offense.  Therefore, we overrule this point of error. 

Points of Error Four
and Five—Punishment

In points of error
four and five, appellant asserts that the sentences lacked proportionality to
the crime as required by the Texas and United States constitutions.  See Solem v. Helm, 463 U.S. 277, 290
(1983) (holding that a life sentence for a minor offense under state recidivist
statute was unconstitutionally disproportionate to the crime); Tex. Const. art. I, § 13.  Appellant asserts that because there were no
injuries or accidents resulting from the evasion, a sentence of two years’
confinement, the maximum sentence under the statute, was disproportionate to
the offense committed. 

Even
constitutional points of error must be asserted at trial or they will be deemed
waived.  See Mercado v. State, 718
S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc) (holding that error pertaining
to sentencing could not be appealed unless it was raised in the trial court); Nicholas
v. State, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001,
pet. ref’d) (holding that claims of cruel and unusual punishment under both the
state and federal constitutions were waived because they were not properly
raised in the trial court).  There is no
evidence in the record, nor does appellant point to any evidence, that he
timely objected to the sentence. Therefore, appellant has waived these issues. 








Even if appellant
had preserved error, the sentence was neither cruel nor unusual.  Texas courts repeatedly have held that a
punishment within the statutory guidelines is not excessive, and United States
Supreme Court precedent supports this proposition.  See Rummel v. Estelle, 445 U.S.
263, 284–85 (1980) (holding that the line dividing petty from felony larceny
and the appropriate punishment under recidivist statute were both largely
within the discretion of the state legislature); Jordan v. State, 495
S.W.2d 949, 952 (Tex. Crim. App. 1973) (declining to find a punishment for
robbery with a firearm unconstitutional when it was within the statutory range);
Darden v. State, 430 S.W.2d 494, 496 (Tex. Crim. App. 1968) (holding
that if punishment is within the statutorily prescribed range, it is beyond the
province of the court to pass upon the question of excessive punishment); Young
v. State, 644 S.W.2d 18, 22 (Tex. App.—Houston [14th Dist.] 1982, pet.
ref’d) (holding that a sentence of twenty five years for assisting in an
aggravated robbery was well within statutory boundaries and therefore
constitutional).  The permissible range
of confinement for a state jail felony is 180 days to two years in a state
jail.  Tex.
Penal Code § 12.35(a).  The
sentence imposed by the trial court was within the statutory range, and,
therefore, not unconstitutionally cruel and unusual.

III.      Conclusion  

For the foregoing
reasons, each point of error raised by appellant is overruled and the judgment
of the trial court is affirmed.  

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered and Opinion filed June 21, 2005.

Panel consists of Chief Justice Hedges and Justices Fowler
and Frost.

Publish— Tex. R.
App. P. 47.2(b).

 











[1]  Appellant did not preserve error as
to this issue.  Because this type of
jurisdiction is fundamental, however, it may be raised for the first time on
appeal, without the usual requirements for preservation of error.  Bird v.Kornman, 152 S.W.3d 154, 160
(Tex. App.—Dallas 2004, pet. denied).





[2]  We distinguish
cases such as Calton v. State, 132 S.W.3d 29, 32-33 (Tex. App.—Fort
Worth 2004, pet. granted), and Ford v. State, 112 S.W.3d 788, 791
(Tex. App.—Houston [14th Dist.] 2003, no pet.). 
In each of those cases the State alleged third-degree felony evading
arrest under section 38.04(b)(2), and the courts held that the State must plead
and prove prior conviction as an element of the crime of felony evading arrest.
This is because in a (b)(2) case, prior conviction is part of the forbidden
conduct—i.e. recitivism—that the statute intends to punish. The present case,
however, involves a charge of evading arrest as a state jail felony under
(b)(1).  The forbidden conduct that
(b)(1) is meant to punish is the evasion of arrest only.