Opinion issued June 14, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00934-CR

———————————

Andrew Gibbs, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 209th Judicial District Court 

Harris County, Texas



Trial Court Case No. 1249909

 



 

MEMORANDUM OPINION

          Appellant,
Andrew Gibbs, without an agreed punishment recommendation from the State,
pleaded guilty to the offense of aggravated robbery,[1] and the trial court
assessed his punishment at confinement for twenty-five years.  In two issues, appellant contends that the
trial court imposed a sentence that constitutes cruel and unusual punishment.[2]

          We
affirm.

Background

          A
Harris County grand jury issued a true bill of indictment, accusing appellant
of committing the offense of aggravated robbery by committing theft of property
owned by the complainant, Raul Porras, knowingly
threatening Porras with imminent bodily injury and
death, and exhibiting a deadly weapon. 
Appellant signed his plea of guilty and accompanying admonishments,
without an agreed punishment recommendation, and the trial court reset the
matter for a pre-sentence investigation (“PSI”) and punishment hearing.

          The
PSI report indicated that on January 18, 2010, appellant, who was eighteen
years old, and Steven Lee Dorsey entered a GameStop video game store.  Appellant pointed a firearm at Porras, the store manager, and demanded money from the cash
register, ordering Porras to “hurry” or appellant
“would kill him.”  After taking money
from the cash register, appellant followed Porras to
the back of the store, where he also took four gaming consoles.  Appellant then pointed his firearm at another
employee and two customers, claiming that he would shoot them if they moved,
before he fled the scene with Dorsey.  On
January 24, 2010, the Houston Police Department received a tip that appellant
had committed the robbery.  A police
officer located appellant at his apartment complex, and appellant attempted to
evade arrest before he was detained.  

          At
the punishment hearing, Porras testified that
appellant walked into the store and immediately pointed his firearm at Anthony
George, a customer.  The two briefly
“went into a fight” over the firearm before Dorsey, acting as if he had a
firearm as well, had the customer lie down on the ground.  Dorsey then ordered Porras
to open the cash register, but at some point he yelled to appellant, “He’s
calling for back up, he’s calling for back up.  Shoot him.” 
Appellant “point[ed] the firearm directly” at Porras, but Porras was able to
open the cash register and hand money to appellant, at which point “things
seemed to calm down.”   Porras then led appellant to the back room, where appellant
took several gaming consoles before leaving. 
Porras stated that the incident left him very
upset because, although he had been a victim of robberies before, he had never
been involved in a robbery where the assailants pointed a firearm at several
employees and threatened to shoot them.  

George testified that he was
speaking to Porras when he turned around and saw
appellant directly in front of him, pointing a firearm at his head.  George attempted to disarm appellant, but the
struggle ended when Dorsey threatened to shoot him.  Appellant then grabbed George by the leg and
dragged him behind the counter so incoming customers would not be able to see
him.  

In closing argument, the State
argued that the robbery was “thought-out,” appellant was “experienced” and
“aggressive,” and he acted with no “concern for [anyone’s] safety or well-being.”
 The trial court sentenced appellant to
confinement for twenty-five years.

Cruel and Unusual Punishment

  In two issues, appellant argues that the
trial court erred in imposing a sentence grossly disproportionate to the
underlying offense, resulting in cruel and unusual punishment in violation of
the United States Constitution and the Texas Constitution, because of his “lack
of a significant criminal history” and his age.  See U.S. Const. amend. VIII; Tex. Const. art. I, § 13.  Appellant does not argue that Article I, section 13 of the Texas Constitution
provides any more or different protection than its federal counterpart.  Accordingly, we examine his arguments solely
under the Eighth Amendment.  See
Buster v. State, 144 S.W.3d 71,
81 (Tex. App.—Tyler 2004, no pet.); see also Baldridge
v. State, 77 S.W.3d 890, 893–94 (Tex.
App.—Houston [14th Dist.] 2002, pet. ref’d).

Almost every right,
constitutional and statutory, may be waived by failing to object.  Solis v. State, 945 S.W.2d
300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (citing Smith v.
State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)).  In order to preserve for appellate review a
complaint that a sentence is grossly disproportionate, constituting cruel and unusual
punishment, a defendant must present to the trial court a timely request,
objection, or motion stating the specific grounds for the ruling desired.  See Tex. R. App. P. 33.1(a); Ladd v. State, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999)
(concluding that defendant did not preserve cruel
and unusual punishment complaint for
appellate review);
Arriaga v. State, 335 S.W.3d 331, 334
(Tex. App.—Houston [14th Dist.] 2010, pet. ref’d).  

Here, appellant did
not assert his constitutional claims in the trial court.  Nevertheless, appellant argues that he can
now raise the issues on appeal because the Texas Court of Criminal Appeals has
“recently reviewed the constitutionality of severe prison sentences despite
such claims being raised for the first time on appeal.”  See Meadoux v. State, 325 S.W.3d
189 (Tex. Crim. App. 2010).  In Meadoux, the
court of criminal appeals determined that the Eighth Amendment did not bar the
defendant’s sentence of life in prison without parole for a capital crime he
committed at the age of sixteen.  Id. at 191.  The State argued to the court of criminal appeals
that the defendant had not preserved his Eighth Amendment claim that his
sentence was cruel and unusual.  Id. at 193 n.5.  However, the court of criminal appeals noted
that the State had not raised the preservation issue in the court of appeals,
the court of appeals had not addressed preservation, and the petition for
review was not granted for its consideration. 
Id.  The court of criminal appeals stated that,
although issues of error preservation are systemic in first-tier review courts,
“that means only that a court of appeals may not reverse a judgment of conviction without first addressing any issue
of error preservation.”  Id. (citing Menefee v. State, 287 S.W.3d 9, 18 (Tex. Crim. App. 2009)).  Because the court of appeals affirmed the trial
court’s judgment of conviction, it was unnecessary for the court of criminal appeals
to address preservation of error or remand the case to the court of appeals to
consider preservation.  Id. 
Thus, Meadoux
does not stand for the proposition that a timely and specific objection is no
longer required to preserve a complaint that a defendant’s sentence is
unconstitutional.  Rather, it supports
the proposition that error in the trial court must be preserved in order to
serve as grounds for reversal.  See Tex.
R. App. P. 33.1.  Because
appellant did not preserve the alleged constitutional error by a timely and
specific objection, we hold that appellant has waived this complaint for
review.

Furthermore, even were
we to address appellant’s constitutional claim, we cannot conclude that his
sentence is grossly disproportionate to the offense for which he was
convicted.  Generally, a punishment that
falls within the legislatively prescribed range and is based upon the
sentencer’s informed normative judgment will not be held cruel or unusual.  Ex parte Chavez, 213 S.W.3d 320, 323–24 (Tex. Crim. App.
2006).  However, the United States
Supreme Court has stated that “although a sentence may be within the range
permitted by statute, it may nonetheless run afoul of the Eighth Amendment
prohibition against cruel and unusual punishment” when it is grossly
disproportionate to the offense.  Diaz-Galvan v. State, 942 S.W.2d 185,
186 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d)
(citing Solem v. Helm, 463 U.S. 277, 290, 103 S. Ct. 3001,
3010 (1983)).  

The criteria used to
review Eighth Amendment complaints are: (1) the gravity of the offense and the
harshness of the punishment, (2) the sentences imposed on other criminals in
the same jurisdiction, and (3) the sentences imposed for the same offense in
other jurisdictions.  Solem, 463 U.S. at
292, 103 S. Ct. at 3010.  The
court reviewing the challenge considers the second and third criteria
only if the first is met.  See
McGruder v. Puckett, 954 F.2d
313, 316 (5th Cir. 1992).  Satisfying
the initial criterion requires the sentence to be grossly disproportionate to
the crime, i.e., when the severity of the sentence is extreme when objectively
compared to the gravity of the offense.  See
id.;
Hicks v. State, 15 S.W.3d 626, 632 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref’d).  The
gravity of the offense is determined by evaluating the harm caused or
threatened and the offender’s culpability.  Dale v. State, 170 S.W.3d 797, 800 (Tex. App.—Fort
Worth 2005, no pet.).

Appellant’s sentence
of confinement for twenty-five years falls within the legislatively prescribed
range for aggravated robbery sentences.  See Tex.
Penal Code Ann. § 29.03(b)
(Vernon 2011) (defining aggravated robbery as first-degree felony); id. § 12.32(a)
(Vernon 2011) (setting punishment range for first-degree felonies to be
confinement for no less than 5 years or more than 99 years).  Indeed, appellant’s sentence of confinement
at twenty-five years is less than one-third of the maximum sentence prescribed
by the legislature for aggravated robbery. 
See id. § 12.32(a).  The PSI report indicates that appellant
pointed a firearm at Porras, George, and two other
complainants and repeatedly threatened that he would shoot or kill them.  Appellant grabbed George by the leg and
dragged him behind the counter, and George testified that he believed that he
was “fixing to die.”  Dorsey and
appellant left the store with about $300 in cash and four gaming consoles, each
valued at about $300.  Porras described the robbery as “well thought out,” and he
stated that the robbery left him “terrified” and afraid of his “sense of
security.”    Although, as appellant argues, he did not
have a “significant criminal history,” he did have two convictions for evading
arrest and criminal trespass.  And the
PSI report indicates that, in 2008, appellant was a “documented” member of a
“criminal street gang.”  Under these
circumstances, we cannot conclude that appellant’s sentence is grossly
disproportionate to the underlying offense.[3]  See, e.g., Young v. State,
644 S.W.2d 18, 22 (Tex. App.—Houston [14th Dist.] 1982, pet. ref’d) (holding
that defendant’s sentence of confinement for twenty-five years for “aggravated
robbery of a couple involving a knife” not grossly disproportionate despite
defendant having no prior arrests or convictions). 

We overrule
appellant’s first and second issues.

Conclusion

          We
affirm the judgment of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Jennings and Keyes.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]
          See Tex. Penal
Code Ann. § 29.03 (Vernon 2011).

 





[2]
          See U.S. Const. amend. VIII; Tex. Const. art. I, §
13.





[3]
          Appellant also fails to provide
any argument relating to the second and third Solem factors, regarding the
sentences imposed on other criminal defendants for the same offense in this and
other jurisdictions.