OPINION
STEVE McKEITHEN, Chief Justice.
Stephen Louis Hartman filed a petition for writ of mandamus asking this Court to compel the Judge of the County Court at Law No. 2 of Orange County, Texas, to allow Hartman’s counsel access to an audio recording. We conditionally grant mandamus relief.
On May 28, 2013, the judge of the 252nd District Court of Jefferson County was conducting court when Hartman, a process server, attempted to serve the judge with a summons. Summer Tanner, the court reporter for the 252nd District Court, was transcribing the court proceedings and recording the proceedings on an audio recording. Hartman was arrested and charged with hindering a proceeding by disorderly conduct. Hartman obtained a subpoena for Tanner’s audio recording, which Tanner moved to quash. The trial court granted Tanner’s motion in part, denied the motion in part, and ordered the entire audio recording sealed. In findings of fact and conclusions of law, the trial court stated, in pertinent part, that the inadmissible portions of the audio recording contain no evidence relevant to Hartman’s guilt or innocence, no exculpatory evidence, and no impeachment evidence. In this mandamus proceeding, Hartman challenges the trial court’s ruling.
A party seeking a writ of mandamus must show that (1) he has no other adequate remedy at law; and (2) the act sought to be compelled is purely ministerial. State ex rel. Hill v. Court of Appeals for the Fifth Dish, 34 S.W.3d 924, 927 (Tex.Crim.App.2001); In re Altschul, 146 S.W.3d 754, 755 (Tex.App.-Beaumont 2004, orig. proceeding). Regarding the first requirement, “potential review at a later time is not always or automatically an adequate remedy: ‘In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate.’ ” Greenwell v. Court of Appeals for the Thirteenth Judicial Dish, 159 S.W.3d 645, 648-49 (Tex.Crim.App.2005) (quoting Smith v. Flack, 728 S.W.2d 784, 792 (Tex.Crim.App.1987)). Under the circumstances of this case, delaying review of *682 the trial court’s order until after the conclusion of Hartman’s criminal case would frustrate the purpose of furthering judicial economy and would be a waste of the parties’ time and resources. See id. at 649.
Regarding the second requirement, the State and Tanner argue that a trial court’s discovery rulings made in criminal cases are discretionary and not subject to mandamus. Generally, a trial court’s acts involving discovery under article 39.14 of the Texas Code of Criminal Procedure are discretionary and not subject to a writ of mandamus, but decisions involving pretrial discovery of evidence that is exculpatory, mitigating, or privileged are not discretionary. See Kinnamon v. State, 791 S.W.2d 84, 91 (Tex.Crim.App.1990) overruled on other grounds, by Cook v. State, 884 S.W.2d 485 (Tex.Crim.App.1994); see also Dickens v. Court of Appeals for the Second Supreme Judicial Dist. of Tex., 727 S.W.2d 542, 552 (Tex.Crim.App.1987); State ex rel. Simmons v. Moore, 774 S.W.2d 711, 714 (Tex.App.-El Paso 1989, no pet.). “While Article 39.14 ‘makes it clear that the decision on what is discoverable is committed to the discretion of the trial court,’ the trial court must permit discovery if ‘the evidence sought is material to the [defense of the accused.’ ” Ex parte Miles, 359 S.W.3d 647, 670 (Tex.Crim.App.2012) (quoting Quinones v. State, 592 S.W.2d 933, 94(M1 (Tex.Crim.App.1980)) (emphasis added). Exculpatory and impeachment evidence is material if its effective use may make the difference between a conviction and an acquittal. Little v. State, 991 S.W.2d 864, 866 (Tex.Crim.App.1999).
This Court has reviewed Tanner’s audio recording, and we conclude that parts of the recording contain evidence that may justify, excuse, or clear Hartman of the charged offense, as well as evidence that may dispute or contradict other evidence in the case. See Harm v. State, 183 S.W.3d 403, 408 (Tex.Crim.App.2006) (“Exculpatory evidence may justify, excuse, or clear the defendant from fault, while impeachment evidence is that which disputes or contradicts other evidence.”). These parts of the audio recording that were not disclosed, which include comments and statements between the trial court and the arresting officer about what had occurred while Hartman was in the courtroom, are relevant to the State’s allegation that he disrupted the court’s proceedings and that, in our view, consist of Brady[1] material. Consequently, there are parts of the undisclosed audio recording that are especially material to Hartman’s defense, and these statements would be used by a competent defense attorney in an effort to impeach the State’s witnesses or to argue that Hartman’s alleged conduct was neither disruptive nor the actual basis for his arrest.
These undisclosed portions of the audio recording consist of Brady material that is required to be disclosed at a meaningful time prior to trial. Because we conclude that the trial court erred in its findings, we believe the previously undisclosed portions of the audio recording that contain comments or statements by the trial court and the arresting officer that pertain to Hartman must be made available to him. After listening to the audio recording in camera, the trial court found that the undisclosed portions of the audio recording contained no relevant impeachment or exculpatory evidence. We disagree: the undisclosed portions of the audio recording contain statements by the trial court and the arresting officer about the specific incident in question and Hartman’s arrest. A competent defense attorney could use the evi *683 dence from the undisclosed portions of the audio recording to argue that the decision to arrest Hartman was based upon what the trial court told the arresting officer, and not because of what the arresting officer had seen Hartman doing in court.
Given this content, and regardless of the prosecutor’s good or bad faith, this undisclosed information is favorable to Hartman because it places what happened during the proceedings in a context that is more favorable to him. It is material because without those undisclosed portions Hartman will be required to try his case without evidence from which a jury could reasonably conclude shows that the trial court, not the arresting officer, made both the decision to have Hartman arrested and supplied the reason for his arrest, and the audio recording would be admissible, as no one has disputed that the voices in the audio recording include those of the trial court and the arresting officer. See Hampton v. State, 86 S.W.3d 608, 611-613 (Tex.Crim.App.2002) (stating Brady standards and explaining that a de novo standard applies to the application of undisputed historical facts and requiring the reviewing court to explain why a particular item is especially material in conducting a Brady review); Brady, 373 U.S. at 87, 83 S.Ct. 1194.
Accordingly, we conclude that the trial court’s discovery action in this case was ministerial, not discretionary, and the trial court was required to give Hartman access to relevant portions of the audio recording. See Miles, 359 S.W.3d at 670; see also Hill, 34 S.W.3d at 928 (Under the ministerial act/elear legal right requirement, the law must set forth the duty to be performed with such clarity and certainty that nothing is left to the trial court’s exercise of discretion or judgment.); Kinnamon, 791 S.W.2d at 91; Simmons, 774 S.W.2d at 714.
However, not all of the remaining portions of the audio recording are exculpatory, and Hartman has no general right, reviewable on mandamus, to make the trial court provide non-Brady material to him. See Pennsylvania v. Ritchie, 480 U.S. 39, 59, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (noting that “[djefense counsel has no constitutional right to conduct his own search of the State’s file to argue relevance”). We also expressly reject the State’s argument that the trial court was under no duty to disclose any part of the audio recording because it was in the possession of the court reporter, not the State. Although the State argues that such a distinction distinguishes and limits the Supreme Court’s holding in Brady in a way that makes it inapplicable to the facts of this case, in our view the constitutional standards apply to the information that came into the trial court’s possession, regardless of how the trial court obtained the information.[2]
We conditionally grant Hartman’s petition for writ of mandamus, and we direct the trial court to vacate its order of March 4, 2014, in which it quashed, in part, Hartman’s subpoena duces tecum and to issue an order allowing Hartman’s counsel to review the remainder of the relevant portions of the audio recording. The writ will issue only if the trial court fails to comply with these instructions.
WRIT CONDITIONALLY GRANTED.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. In our view, the prosecutor should have requested that the court reporter allow him to review the recording upon learning that Hartman was claiming that it contained relevant evidence. Under the Code of Criminal Procedure, the "primary duty of all prosecuting attorneys, including any special prosecutors, [is] not to convict, but to see that justice is done.” Tex.Code of Crim. Proc. Ann. art. 2.01 (West 2005).