

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00222-CR

Jacob Cory **GONZALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8528A
Honorable Pat Priest, Judge Presiding

Opinion by: Jason Pulliam, Justice

Sitting: Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Jason Pulliam, Justice

Delivered and Filed: July 15, 2015

AFFIRMED AS MODIFIED

#### BACKGROUND

Jacob Gonzales and his older brother Richard Mendez were charged with murder as co-defendants. Mendez pled guilty under a plea bargain agreement. Gonzales tried his case to a jury and was found guilty. The trial court sentenced Gonzales to twenty years' confinement. He perfects this appeal. We affirm the judgment of the trial court, as modified herein.

ANALYSIS

## 1. Disclosure of Mendez Recording

During the pre-trial process, Gonzales moved for discovery of all exculpatory or mitigatory evidence and all items material and relevant to the case. The trial court granted his motion and entered a discovery order requiring disclosure of all "*Brady*" material. Mid-way through the trial, the prosecutor for the State informed Gonzales's attorney she recently came to possess a recording of a telephone call made by Richard Mendez from the county jail. However, the prosecutor stated she did not need to, and would not, disclose the recording because it did not contain any exculpatory information and would not be used by the State against Gonzales. Gonzales addressed the issue of disclosure of the subject recording with the trial judge outside the presence of the jury in the following exchange:

> DEFENSE COUNSEL: I've been informed there's another tape, a Richard Mendez phone call. We have requested a copy of that to determine whether there's any evidence whatsoever. Richard is going to be, as we plan, one of our witnesses in the case-in-chief. The Government has provided all other jail phone calls and they're withholding this one, and we would request that it be turned over to us.
>
> THE COURT: State?
>
> THE PROSECUTOR: Your Honor, it is a more recent phone call, and I don't believe he's entitled to a copy of it unless there's anything in it that has been determined to be of evidentiary use, and then we would turn it over. But as of yet, I don't — I do not believe we will be using it for purposes of this trial.
>
> DEFENSE COUNSEL: Judge, I mean, who gets to determine this? They've given me every other tape, why not give me this one of him calling, and my client calling on jail phones? They're all recorded.
>
> THE COURT: Is it your position that under current law they are obliged to give you a copy of everything like that that they have . . . even if it is not exculpatory?
>
> DEFENSE COUNSEL: It is my position that we are simply asking, its new evidence that the prosecutor made me aware of and we're requesting a copy of it.
>
> THE COURT: I'm asking you, sir, is it your position that whether it's exculpatory or not you're entitled to it?

DEFENSE COUNSEL: Judge, we believe we are entitled to at least hear it. We would like to do that.

THE COURT: And what says the State to that?

THE PROSECUTOR: And, Your Honor, under the current law, since this offense happened prior to the—the Morton Act coming into effect in January of 2014, he is not entitled to it.

THE COURT: Are you representing to me that there's nothing exculpatory for Jacob Gonzales on the recording?

THE PROSECUTOR: No, Your Honor—no—yes, I am representing to you that there's nothing exculpatory for Jacob Gonzales on the recording.

THE COURT: Then I will not require it to be turned over.

DEFENSE COUNSEL: Very well.

In his first point of issue, Gonzales argues the trial court erred by: (1) failing to compel the State to produce the subject recording for defense inspection; (2) not conducting an *in camera* review of the subject recording; and (3) not making the subject recording part of the appellate record. Specific to all three points, Gonzales argues the contents of the subject recording are potentially exculpatory, thus compelling disclosure. The State argues generally with regard to all three points and contends Gonzales did not preserve error for appeal. We will address first the State's contention Gonzales did not preserve error.

*Preservation of Error*

To preserve error for appellate review, the record must show the complaining party made a timely request or motion stating the grounds for the ruling the party seeks. TEX. R. APP. P. 33.1(a)(1); *see Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). The party must state the grounds for the request with "sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). "[A]ll a party has to do to avoid the forfeiture of a complaint on appeal is to let the

trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992); *see also Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). Further, error can only be committed when the trial judge refuses a specific request for action or takes action over objection. *Michaelwicz v. State*, 186 S.W.3d 601, 610 (Tex. App.—Austin 2006, pet. ref'd)

Review of the cited exchange reveals Gonzales clearly requested disclosure of the subject recording, and the trial judge clarified Gonzales's request to sufficiently understand its scope. The trial court then entered a ruling pertaining to Gonzales's request for disclosure. Based upon this exchange, Gonzales's attorney made his request for compelled disclosure of the subject recording clear enough for the judge to understand what he sought and to rule on his request. *See Lankston*, 827 S.W.2d at 909. Therefore, Gonzales preserved any error pertaining to the trial court's denial of his request for disclosure.

At the time his request for disclosure was denied, Gonzales's attorney did not request the trial court conduct an *in camera* review. While Gonzales did raise this point vaguely and indirectly in a motion for new trial by stating, "[t]he court failed to conduct a proper *Brady* hearing or charge the jury with a *Brady*/spoliation charge by simply asking the prosecutor about the tapes and did not examine them *in camera*," the record does not reveal he presented the motion for new trial to the trial judge, and it appears the motion was overruled by operation of law, without a ruling. Because Gonzales did not clearly and specifically request an *in camera* inspection and did not present his motion for new trial for a definite ruling, he failed to preserve error on this point. *See Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005) (holding a defendant must present trial judge with motion for new trial to preserve error). Further, Gonzales's attorney never requested the subject recording be included in the appellate record. Because, Gonzales failed to

request the trial court conduct an *in camera* review and failed to request the recording be included in the appellate record, he failed preserve error on these points.

However, we recognize a trial court's *sua sponte in camera* inspection of potential *Brady* material is common and intertwined in a defendant's assertion of violation of due process. *See e.g., Thomas v. State*, 837 S.W.2d 106, 114 (Tex. Crim. App. 1992); *Michaelwicz*, 186 S.W.3d at 614. Therefore, in the interest of justice given Gonzales's assertion of a due-process violation, to the extent Gonzales asserts the trial court should have conducted an *in camera* inspection *sua sponte*, this court will examine this issue as well.

*Disclosure*

Gonzales argues the trial court erred by refusing to compel disclosure of the subject recording because it could have contained exculpatory information. Gonzales relies heavily upon *Brady v. Maryland* in arguing he was entitled to disclosure and denial of his request was a denial of due process. *See Brady v. Maryland*, 373 U.S. 83 (1963).

To begin, we must clarify the law applicable to the facts in this case. The alleged offense occurred on July 7, 2011, and trial began on February 18, 2014. The Michael Morton Act, which significantly changed discovery procedure in criminal cases, became effective in the interim, on January 1, 2014. *See* Michael Morton Act, 83rd Leg., R.S., ch. 49, § 3, 2013 Tex. Sess. Law Serv. 1611 (codified as TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2014)).[1] The Michael Morton Act applies to litigation of offenses that occurred *on or after* January 1, 2014. *Id*. Accordingly, the Michael Morton Act does not apply to this case. Rather, the statute and caselaw pertinent to disclosure of evidence in a criminal case apply as they existed prior to January 1, 2014.

---

[1] The Michael Morton Act, creates a general, ongoing discovery duty of the State to disclose before, during, or after trial any evidence tending to negate the guilt of the defendant or reduce the punishment the defendant could receive.

Criminal defendants are entitled to limited discovery under Article 39.14 of the Texas Code of Criminal Procedure in addition to, and independent of the constitutional right of access to exculpatory evidence provided within *Brady v. Maryland*. *Kinnamon v. State*, 791 S.W.2d 84, 91 (Tex. Crim. App. 1990), *overruled on other grounds*, *Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994); *see also Brady*, 373 U.S. at 87. Under both frameworks, a defendant does not have a general right to discovery of evidence in possession of the State. *Kinnamon*, 791 S.W.2d at 91. To obtain discovery, a defendant must show good cause, the item is material to the defense, and the item is possessed by the State. TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (West 2005); *Tope v. State*, 429 S.W.3d 75, 82 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Determination of what is discoverable is committed to the discretion of the trial court. *McBride v. State*, 838 S.W.2d 248, 250 (Tex. Crim. App. 1992); *Kinnamon*, 791 S.W.2d at 91. Thus, on appeal, we must determine whether the trial court abused its discretion. *See McBride*, 838 S.W.2d at 250.

Under either the Texas statute or the constitutional protection of *Brady*, the legal standard employed to determine whether the trial court abused its discretion is whether the item sought is material to the defense of the accused. *Ex parte Miles*, 359 S.W.3d 647, 670 (Tex. Crim. App. 2012); *Whitchurch v. State*, 650 S.W.2d 422, 425 (Tex. Crim. App. 1983); *Quinones v. State*, 592 S.W.2d 933, 940-41 (Tex. Crim. App. 1980) *cert. denied,* 449 U.S. 893 (1980). Under this standard, an excluded item is material only if it would have created a reasonable doubt that did not otherwise exist; or in other words, a reasonable probability the outcome of the trial would have been different had the item not been excluded. *United States v. Agurs*, 427 U.S. 97, 112 (1976); *Miles*, 359 S.W.3d at 666; *Quinones*, 592 S.W.2d at 941.

A nuance within Gonzales's first point of issue that must be addressed is his argument that the State does not possess the province to determine whether evidence is exculpatory under *Brady*, and thus, whether it should be disclosed. Gonzales contends he should not have been constrained

by the State's determination that the subject recording was not exculpatory. Gonzales contends on appeal the State's interest and his interest would have been best served by the trial judge's *in camera* inspection. The difficulty in analyzing this argument, however, is that Gonzales's attorney did not request the trial court conduct an *in camera* inspection and Article 39.14 does not compel such an action.

Prior to the enactment of the Michael Morton Act, the State was compelled to disclose to the defendant all exculpatory material or information relative to a matter involved in the action. *See Brady*, 373 U.S. at 87. This initial determination whether items were exculpatory, and thus must be disclosed, was necessarily left to the prosecutor. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). If uncertain, the best practice was for the prosecutor to provide the item to the trial court for *in camera* review. *Agurs*, 427 U.S. at 106; *Thomas v. State*, 841 S.W.2d 399, 407 (Tex. Crim. App. 1992). In this case, however, the prosecutor represented to the trial court the item was not exculpatory, and therefore disclosure was not compelled under *Brady*. Based upon this representation, the trial court denied Gonzales's request for disclosure. Other than his contention the trial court should have conducted a *sua sponte in camera* review, Gonzales provides no basis to conclude the trial court erred in any way by following this common practice and procedure.

In any event, in cases following *Brady*, many times, a trial court has conducted a *sua sponte in camera* review of the contested items upon the defendant's showing that the item sought was material to the defense. *See e.g. In re Hartman*, 429 S.W.3d 680, 681 (Tex. App.—Beaumont 2014, no pet.); *Dablosco v. State*, 978 S.W.2d 236, 238 (Tex. App.—Texarkana 1998, pet. ref'd). Therefore, determination whether the trial court should have conducted a *sua sponte in camera* review utilizes the same legal standard as that employed to determine whether the trial court abused its discretion by refusing to compel disclosure: whether the item is material to the defense.

Accordingly, to address Gonzales's argument within his first point of issue we will review the record to determine whether the subject recording was material to Gonzales's defense.

In a situation such as this, when the requested item was never disclosed, examined *in camera*, or made available for appellate review, determination of materiality must be made upon evaluation of the requested information in the context of the entire record. *Agurs*, 427 U.S. at 112; *Quinones*, 592 S.W.2d at 941. The defendant bears the burden to show the item sought is material to the defense. *Amos v. State*, 819 S.W.2d 156, 159-60 (Tex. Crim. App. 1991), *cert. denied,* 504 U.S. 917 (1992); *Boudreaux v. State*, 878 S.W.2d 701, 706 (Tex. App.—Beaumont 1994, no pet.). The mere possibility an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality." *Agurs*, 427 U.S. at 109-10; *Showery v. State*, 690 S.W.2d 689, 700-01 (Tex. App.—El Paso 1985, pet. ref'd); *Young v. State*, 644 S.W.2d 18, 21 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd). Further, pursuant to Article 39.14, the defendant must show the undisclosed item was in the sole possession of the State. TEX. CODE CRIM. PROC. ANN. art. 39.14(a); *Young*, 644 S.W.2d at 21 (interpreting Article 39.14 to mean "sole" possession of the State). In a situation in which the defendant has access to the undisclosed item, or the ability to obtain it, the defendant may not be entitled to disclosure. *Young*, 644 S.W.2d at 21.

In the instant case, Gonzales failed to show the subject recording was material to his defense or the trial court's refusal to require disclosure was otherwise in violation of Article 39.14. First, Mendez was Gonzales's primary witness in support of his defense. Thus, although the recording of Mendez's telephone call was in the possession of the State, because Mendez testified as a defense witness and cooperated with the defense, Gonzales had the opportunity to ascertain its contents and evaluate whether it contained exculpatory information or would have created a reasonable doubt that did not otherwise exist. Because Gonzales had access to discover the

contents of the recording, under these facts, the trial court's refusal to compel disclosure could not have been violative of Article 39.14. *See Young*, 644 S.W.2d at 21.

Second, Gonzales's speculation that the subject recording contained potential exculpatory evidence is insufficient to establish the subject recording contains information material to the defense. *See Young*, 644 S.W.2d at 21. The mere possibility the subject recording might have helped his defense or might have affected the outcome of the trial cannot establish materiality. *See Agurs*, 427 U.S. at 109-10; *Showery*, 690 S.W.2d at 700-01; *Young*, 644 S.W.2d at 21. Because Gonzales cannot establish materiality based upon speculation, the trial court did not abuse its discretion by refusing to compel disclosure of the subject recording. *See Agurs*, 427 U.S. at 109-10; *Young*, 644 S.W.2d at 21.

Finally, the subject recording would have provided only corroborative or duplicative evidence of Mendez's favorable, in-court testimony presented during Gonzales's case-in-chief. As the State presented to the trial court at the time the issue arose, the State did not use the subject recording against Gonzales or to discredit Mendez, and the State represented to the trial judge the recording contained no exculpatory evidence. Mendez testified for Gonzales during his defense case-in-chief. Mendez's testimony was entirely favorable to Gonzales's defense, as he testified Gonzales was not involved in the events leading to the altercation with the victim, and was not in the room during the fight which led to the murder. Thus, any information in the recorded telephone call capable of creating a reasonable doubt as to Gonzales's guilt would have been duplicative of Mendez's in court testimony.

For these reasons, Gonzales failed to show the trial court abused its discretion in denying Gonzales's request for disclosure of the subject recording. Furthermore, because the subject recording was not material to Gonzales's defense or a matter involved in the action, the trial court's failure to conduct a *sua sponte in camera* inspection was not erroneous.

Gonzales's first point of issue is overruled.

## 2. Assessment of Attorney's Fees

In his second point of issue, Gonzales argues the evidence is insufficient to support the trial court's assessment of attorney's fees against him because the trial court found him to be indigent. The State concedes the assessment of attorney's fees is improper.

A trial court may not assess the cost of legal services provided unless the court determines the defendant has the financial ability to incur the costs. TEX. CODE CRIM. PROC. ANN. § 26.05(g) (West Supp. 2014); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's circumstances occurs." TEX. CODE CRIM. PROC. ANN. § 26.04(p) (West Supp. 2014); *see Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013).

Here, based upon its finding that Gonzales is indigent, the trial court appointed counsel to represent him at both the trial and on appeal. However, in its final judgment the trial court assessed court costs "PLUS ATTY FEES," and in the bill of costs stated appointed attorney's fees as "TBD." Because nothing in the record indicates a change in Gonzales's financial circumstances, any assessment of attorney's fees was in error.

Therefore, we sustain Gonzales's second point of issue. Because Gonzales is indigent, we modify trial court's judgment to omit any assessment of attorney's fees.

### CONCLUSION

For the foregoing reasons, we AFFIRM the trial court's judgment as modified.

Jason Pulliam, Justice

DO NOT PUBLISH