**Denied and Opinion Filed November 4, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-01291-CV
No. 05-16-01292-CV

**IN RE DEON FRIDIA, Relator**

**Original Proceeding from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1559947 and F-1576821**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Stoddart
Opinion by Justice Lang

Before the Court is relator's petition for writ of mandamus in which he asks the Court to order the trial court to grant relator discovery under Article 39.14 of the Texas Code of Criminal Procedure. Relator's petition is not certified as required by rule 52.3(j) of the rules of appellate procedure and does not include an appendix or record containing the necessary contents set out in rules 52.3(k)(1) and 52.7. Although these deficiencies alone constitute sufficient reasons to deny mandamus relief, in the interest of judicial economy we address the petition.

Mandamus relief is appropriate in a criminal case only when a relator establishes (1) that he has no adequate remedy at law to redress his alleged harm, and (2) that what he seeks to compel is a ministerial act, not a discretionary or judicial decision. *In re Flores*, 05-16-00210-CV, 2016 WL 890969, at *1 (Tex. App.—Dallas Mar. 9, 2016, orig. proceeding) (citing *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (orig. proceeding)). Generally, a trial court's

acts involving discovery under article 39.14 of the Texas Code of Criminal Procedure are discretionary and not subject to a writ of mandamus, but decisions involving pretrial discovery of evidence that is exculpatory, mitigating, or privileged are not discretionary. *See Dickens v. Court of Appeals for the Second Supreme Judicial Dist. of Tex.*, 727 S.W.2d 542, 552 (Tex. Crim. App. 1987) ("In a criminal case, a defendant's normal method for challenging pretrial orders is through appeal."); *see also In re Hartman*, 429 S.W.3d 680, 682 (Tex. App.—Beaumont 2014, no pet.). Here, relator does not complain of an order compelling pre-trial production of evidence and, therefore, relator has an adequate remedy for review through direct appeal. *See Dickens*, 727 S.W.2d at 549 (holding the court of appeals erred in granting mandamus relief to a defendant seeking pre-trial discovery); *see also In re Carroll*, 09-12-00343-CR, 2012 WL 4017772, at *1 (Tex. App.—Beaumont Sept. 12, 2012, orig. proceeding) (denying mandamus relief and holding that direct appeal provided adequate remedy for review of order that did not compel pretrial discovery).

Accordingly, we **DENY** relator's petition for writ of mandamus for discovery.


/Douglas S. Lang/
DOUGLAS S. LANG
161291F.P05                                                    JUSTICE