

# NUMBER 13-21-00247-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE RUDY MELCHOR

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Chief Justice Contreras[1]

On August 9, 2021, relator Rudy Melchor filed a petition for writ of mandamus asserting that the trial court erred in denying relator's motion for continuance because "the State of Texas refused to disclose the credentials and expert opinions of the State of Texas' designated medical and forensic expert witnesses sufficiently before the beginning of trial." *See* TEX. CODE CRIM. PROC. ANN. art. 39.14 (detailing the scope of discovery available to a defendant in a criminal case). Relator also filed a first amended motion for

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

emergency stay through which he seeks to stay all trial court proceedings, including the trial of this matter which is currently set for August 16, 2021, pending resolution of this original proceeding. Finally, relator filed the reporter's record from the hearing held on August 9, 2021, concerning relator's motion for continuance.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied *State ex rel. Young v. Sixth Judicial Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding).

Under normal circumstances, "a trial court's decision to refuse a continuance is reversible only for an abuse of discretion," and thus, the court's ruling on a motion for continuance is discretionary rather than ministerial. *Matamoros v. State*, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995) (en banc); *Collier v. Poe*, 732 S.W.2d 332, 346 (Tex. Crim. App. 1987) (orig. proceeding) (en banc) (stating that "as a general rule the determination of whether to grant a continuance lies with the sound discretion of the court"). Nevertheless, such decisions may be ministerial when, for instance, a statute renders the granting of a motion for continuance to be a ministerial duty. *See Collier*, 732 S.W.2d at

2

346 (discussing the legislative continuance embodied in TEX. CIV. PRAC. & REM. CODE ANN. § 30.003); *Ojeda v. State*, 916 S.W.2d 609, 610 (Tex. App.—San Antonio 1996, pet. ref'd) (stating that, if properly requested, "a legislative continuance is mandatory," and the "trial court lacks any discretion in such a circumstance; instead, it serves a merely ministerial function"). Similarly, a trial court's rulings involving discovery under article 39.14 of the Texas Code of Criminal Procedure are typically discretionary. *See Dickens v. Ct. of Apps. for the Second Supreme Jud. Dist. of Tex.*, 727 S.W.2d 542, 552 (Tex. Crim. App. 1987) (orig. proceeding) (concluding that "appeal is an adequate remedy in criminal cases for determination of the correctness of a trial judge's pretrial discovery orders"). Nevertheless, again, this general rule is subject to exception when there is a "right" to the requested discovery. *See Dickens*, 727 S.W.2d at 551–52 (discussing the right to discovery regarding exculpatory or mitigating evidence); *In re Hartman*, 429 S.W.3d 680, 682 (Tex. App.–Beaumont 2014, orig. proceeding) (stating that "decisions involving pretrial discovery of evidence that is exculpatory, mitigating, or privileged are not discretionary"); *see also* TEX. CODE CRIM. PROC. ANN. art. 39.14 (a), (h) (requiring the production of evidence "material to any matter involved in the action" and "any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged"); *Watkins v. State*, 619 S.W.3d 265, 290 (Tex. Crim. App. 2021) (construing whether evidence is "material" under art. 39.14).

The Court, having examined and fully considered the petition for writ of mandamus, the limited record provided, and the applicable law, is of the opinion that the relator has not established his entitlement to the relief sought. Accordingly, we deny the petition for writ of mandamus and the first amended motion for emergency stay.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
12th day of August, 2021.